**Buddy G. RECTOR, Randy A. Shirrell, Appellants,**

v.

**STATE of Indiana, Appellee.**

No. 280S34.

Supreme Court of Indiana.

Aug. 25, 1980.

Walter E. Bravard, Jr., Indianapolis, for appellants.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellants Buddy Rector and Randy A. Shirrell were charged with Count I, Burglary, and Count II, Theft. Appellant Rector was charged with an additional Count III with being an Habitual Offender. Both were found guilty of Counts I and II. Rector was found not guilty of Count III. Appellant Shirrell was sentenced to ten years imprisonment on Count I and two years on Count II, to be served concurrently. Appellant Rector was sentenced to twenty years on Count I and four years on Count II, to be served concurrently. Counsel requested permission to file a joint appeal in this Court, which was granted.

Appellants appeal claiming that their convictions were not based on substantial evidence, were contrary to the evidence and the law, and that they were denied their presumption of innocence. These arguments are all basically assertions that the evidence was insufficient to support their convictions. *See Roberts v. State*, (1978) 268 Ind. 127, 373 N.E.2d 1103.

Indianapolis police officer Harless was on routine patrol on October 23, 1978. At 3:26 a. m., he observed a 1969 Ford parked in an alley. He radioed for another car to assist him, proceeded to the alley and noted that the keys were in the ignition of the car. Officer Hilton Cancel drove up in front of the house, shined his spotlight on the front porch and saw someone throw something through the window facing the street. He then radioed Officer Harless that someone had broken a front window out of the house. Officer Harless proceeded into the back yard. When he was in the yard he saw Mr. Shirrell and Mr. Rector run from inside the house, out the back door and into the back yard at 1416 East Lexington Avenue. Harless had a flashlight and turned the light on them and ordered them to stop. They crossed one fence. He ordered them to halt or he would shoot. They stopped and returned to the yard. Officer Cancel went inside the house. He told Officer Harless that the house had been totally ransacked. They investigated and found that the back door of the house had been forced open. They searched the 1969 Ford and discovered that it was owned by a Mr. Beers. Mr. Beers later stated that Rector had borrowed the car from him. A Polaroid camera in a brown case with chrome strip was found in the car. Mrs. Rachel Johnson, the resident of the house, was located and confirmed that her house had been broken into and gave a list of missing items. She described a Polaroid camera with brown case with chrome trim as one of the missing items. She identified the camera found in the car as hers. The officers arrested both men.

I.

Appellants claim that there was no evidence showing that they broke into Mrs. Johnson's apartment with the intent to commit the felony of theft. They claim that because no fingerprints were taken inside the house that there was only a showing that they were present near the

scene of the crime. They claim that merely a suspicion exists that they may have broken into the house with the intent to commit theft.

When considering the sufficiency of the evidence we consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. In doing so, we neither weigh the evidence nor determine the credibility of witnesses. If there is then substantial evidence of probative value to support every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Ruetz v. State*, (1978) 268 Ind. 42, 49, 373 N.E.2d 152, 156.

█ In the present case, police officers were present at both the front and the back of the Johnson residence. A front window was smashed from the inside in the presence of Officer Cancel. Appellants appeared at the back door from the inside of the house in the sight of Officer Harless, that door having been forced open. They attempted to flee from the police. The camera, which had been taken from the house was found in the car borrowed by Rector and parked in the alley behind the house. The house had been ransacked. There is thus substantial evidence of probative value to support the conclusion of the trier of fact.

## II.

Appellants also contend that the evidence was insufficient to sustain their convictions for theft in that there was no showing of unauthorized control over the Polaroid camera. They also claim that they were denied their presumption of innocence.

█ Appellants were apprehended at the scene as detailed in Issue I of this opinion. The camera, which had been taken from a chest of drawers in the house was found in the automobile parked in the alley. Beers, the owner of the car, testified that Rector had borrowed it. There was adequate evidence from which the trier of fact could find that these appellants had exerted unauthorized control over Mrs. Johnson's property with intent to deprive her of the value and use of it.

Appellants also argue that they were denied their presumption of innocence. They point to nothing in the record to support this claim, but appear to be urging that their version of the events, which is that they were merely present at the scene, should be believed. The following was given as one of the preliminary instructions:

"Under the law of this State you are the sole judges of both the law and the evidence and you must presume that the Defendants are innocent. You must continue to believe they are innocent throughout the trial, unless the State proves that the Defendants are guilty, beyond a reasonable doubt, of every essential element of the offense charged. The burden of proof herein is on the State alone and never shifts to the Defendants.

Since the Defendants are presumed to be innocent, they are not required to present any evidence to prove their innocence, nor to prove, do, or explain anything. If at the conclusion of the trial, there remains in your mind a reasonable doubt concerning the Defendant's guilt, you must find them not guilty."

Further instructions in final instructions were also given regarding the presumption of innocence and the burden of proof upon the State. Appellants' argument is thus without merit. *Roberts v. State*, (1978) 268 Ind. 127, 373 N.E.2d 1103; *Moore v. State*, (1977) 267 Ind. 270, 369 N.E.2d 628.

Judgment affirmed.

All Justices concur.