Raymond Miles DAVIS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 680S179.

Supreme Court of Indiana.

Nov. 24, 1981.

Linda M. Wagoner, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carolyn M. Brawner, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) after trial by jury was convicted of Theft, Ind.Code § 35–17–5–3(1)(a) (Burns 1975), Aggravated Assault and Battery, Ind.Code § 35–13–3–1 (Burns 1975), and three (3) counts of Armed Robbery, Ind.Code § 35–12–1–1 (Burns 1975). He was sentenced to five terms of imprisonment, the longest of which is fifteen (15) years. This belated appeal presents the following issues:

(1) Whether the trial court erred in limiting defense counsel's voir dire of the jury to twenty minutes.

(2) Whether Defendant was denied due process of law through the Prosecutor's failure to re-submit a previously arranged plea agreement.

\*        \*        \*

### ISSUE I

Defendant contends that he was denied his right to an impartial jury, because the trial court limited counsels' voir dire of the jury to twenty minutes. Defendant admits that the record shows no objection to the twenty minute limitation; however, he urges us to fault the court reporter for this inadequacy. Additionally, the record contains no transcript of the voir dire, but rather it only evidences that a voir dire occurred:

> "Before the Honorable William Dougherty, Special Judge, State by Montgomery and Jackson, defendant Davis in person and by counsel Pete Pappas, and comes the regular panel who are sworn to give true answers. Court examines jury and passes jury to the state. State examines jury and passes for cause. Defendant examines jury and passes for cause. State examines jury and passes for cause. State accepts jury, defendant accepts jury, and jury consisting of the following are sworn. \* \* \*."

Under *Johnson v. State*, (1980) Ind., 399 N.E.2d 360, 362 this record discloses no error for review. If a proper objection was made but not recorded, Defendant's remedy was to request the trial court to make the necessary correction under Ind.R.App.P. 7.2(C). Even if we assume that the voir dire occurred, as Defendant asserts that it did, we find no error. Our decisions have repeatedly upheld a twenty minute per side limitation on voir dire in criminal cases, where the trial court conducts the initial voir dire examination and Defendant may submit additional Questions in writing. *Lynn v. State*, (1979) Ind., 392 N.E.2d 449, 450–51; *Tyson v. State*, (1979) Ind., 386 N.E.2d 1185, 1190; *Roberts v. State*, (1978) 268 Ind. 127, 130, 373 N.E.2d 1103, 1105–06; *Hart v. State*, (1976) 265 Ind. 145, 150–51, 352 N.E.2d 712, 716–17; *Owens v. State*, (1975) 263 Ind. 487, 501–02, 333 N.E.2d 745, 752–53. The record before us does not show whether or not this procedure was followed; however, we believe that the procedure is a fair and proper way to cure the abuses of voir dire examination which we discussed in *Robinson v. State*, (1973) 260 Ind. 517, 520–21, 297 N.E.2d 409, 411–12.[1]

---

1. Defendant relies upon *Anderson v. State*, (1977) 172 Ind.App. 131, 359 N.E.2d 594, where the court reversed a trial court, which imposed a twenty minute limitation on voir dire. In

## ISSUE II

During trial Defendant testified in support of a motion to suppress his oral confession. The confession was ruled inadmissible. Defendant stated that he made the statements and agreed to plead guilty and to testify against one, Jenkins, in exchange for a sentence of one to ten years imprisonment. The agreement was reduced to writing and signed by Defendant; however, it was rejected by the Marion County Criminal Court, after Defendant had testified for the State against Jenkins. Thereafter, Defendant obtained a change of judge. The agreement is not contained in the record, and upon learning of it, the trial court stated:

> "THE COURT: Let it be known right now that there is no plea bargaining agreement in this Court and this trial and the Court is not aware of any plea bargaining made by the Defendant or the State or anything. We are here today to try the charges of which this man is here for.
>
> "MR. PAPPAS: No question about it, Judge, but I am merely trying to get to how we got to this alleged extra-judicial confession or admission or whatever it might be. *There is no question that this Court had no involvement in this.*" (emphasis added).

The record does not reflect any motion made prior to the commencement of trial, which informed the trial judge that a plea agreement had been reached, and therefore, that trial was unnecessary. Rather, Defendant contends that because he pled guilty[2] and testified in reliance upon the agreement, "It is axiomatic that the failure of the prosecutor to attempt to secure acceptance of the agreement, which had already been relied upon, constituted a failure by the prosecutor's office to keep that agreement."

In his motion to correct errors Defendant states that he moved the trial court to require that the State re-submit the plea agreement for the judge's consideration; however, we find no such motion in the record, and we will not determine what occurred at trial from a statement contained in a motion. *Morse v. State,* (1980) Ind., 413 N.E.2d 885, 886. The aforementioned comments of the trial court and defense counsel's response thereto suggest that no motion was made.

■ If Defendant believed that he had an enforceable plea agreement, it was his obligation, not the State's, to bring that agreement to the attention of the trial court prior to trial. Defendant chose to plead his case before the jury and having failed to obtain an acquittal, he cannot now take advantage of an alleged plea agreement, which had been rejected by a judge who had the authority to do so.[3]

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.

---

dissent, Chief Judge Buchanan pointed out that the majority's decision conflicted with a precedent of this Court. We agree, and *Anderson* is overruled.

**2.** While the record is not clear upon the matter, the guilty plea was withdrawn, and Defendant proceeded to trial.

**3.** Defendant is in the position of relying upon hindsight like other defendants, who discover a new strategy for conducting their defense after the verdict is in. *Bradburn v. State,* (1981) Ind., 425 N.E.2d 144, 146 (cases cited therein).