Wesley ZACHARY, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 683S247.

Supreme Court of Indiana.

Oct. 23, 1984.

Frederick T. Work, Gary, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Wesley Zachary, was convicted by a jury of rape, a Class A felony, Ind.Code § 35–42–4–1 (Burns 1984 Supp.), and of criminal deviate conduct, a Class A felony, Ind.Code § 35–42–4–2 (Burns 1984 Supp.). He was sentenced to the Indiana Department of Correction for two consecutive terms of twenty-seven years. In this direct appeal defendant raises the following six issues:

1. Whether the trial court erred by limiting defendant's voir dire of the jury panel;

2. Whether the trial court erred by denying defendant's motion for continuance when the state offered prediscovered evidence two days prior to trial;

3. Whether the trial court erred in admitting into evidence the statements of both co-defendants;

4. Whether the court erred in giving final instruction No. 12;

5. Whether the court erred in sentencing defendant on both counts and giving him consecutive sentences; and

6. Whether there was sufficient evidence to support the verdicts of the jury.

A brief summary of the facts from the record shows that the victim was driving on an interstate highway near Gary, Indiana, when her car had a flat tire. She walked off the highway to get help at a service station but found she did not have enough cash to pay the station attendant his price for repairing the tire. She started walking back to her car when three men in a car stopped and offered to help her. She got in their car so they could drive her back to where her car was parked. Instead, the

driver went past her car and told her they had to take one of the passengers to work. The victim later identified the driver as Derrick Murphy and the defendant as the man riding in the back seat.

Murphy drove around to several places in Gary and at one point the third man got out of the car. Finally, Murphy stopped in a deserted area, hit the victim with his fist, and threatened to kill her unless she performed fellatio. Later, the defendant also got into the front seat and the victim was then beaten, raped, and forced to commit fellatio by both men. Finally Murphy started driving back into the city where he saw a friend at a corner. He stopped the car and told his friend to get in. The victim was forced to perform fellatio on this man, too. She tried to escape several times but was grabbed or beaten each time. Finally, she did escape by jumping from the moving car.

### I.

Defendant first contends that he was denied his right to an impartial jury because he was not given sufficient time to voir dire the jury. He argues that the trial court unfairly limited the voir dire to twenty minutes for each side so that the state had one full twenty-minute period but the two co-defendants had to share one twenty-minute period. He further points out that the questionnaires about the jurors' backgrounds weren't available until the beginning of his voir dire period so he had to use some of his twenty minutes looking at the questionnaires. He also alleges that it was not fair to include within his twenty-minute time period the time for questioning the prospective jurors who replaced those who were challenged. Defendant argues that as a result of these time limitations, there were seven prospective jurors that he did not have time to examine and that four of these seven jurors were selected to serve on the jury.

■ It is well settled that a trial court has broad discretionary power to regulate the form and substance of the voir dire. *McCormick v. State,* (1982) Ind., 437

N.E.2d 993; *Wickliffe v. State,* (1981) Ind., 424 N.E.2d 1007; *Roberts v. State,* (1978) 268 Ind. 127, 373 N.E.2d 1103. The function of the voir dire is to ascertain whether or not the prospective juror can render a fair and impartial verdict in accordance with the law and the evidence. *Blackburn v. State,* (1979) 271 Ind. 139, 390 N.E.2d 653.

■ We find no abuse of discretion here as our decisions have repeatedly upheld a twenty minute per side (not per party) limitation on voir dire in criminal cases, where the trial court conducts the initial voir dire examination and defendant may submit additional questions in writing. *Davis v. State,* (1981) Ind., 428 N.E.2d 18; *Lynn v. State,* (1979) 271 Ind. 297, 392 N.E.2d 449; *Hart v. State,* (1976) 265 Ind. 145, 352 N.E.2d 712.

■ Defendant admits the court did conduct the initial voir dire for all the prospective jurors but claims he wasn't allowed an opportunity to submit additional questions. However, the record in this case contains no transcript of the voir dire, but rather shows that both sides agreed to the absence of the court reporter during voir dire. We cannot tell from this record what questions the court asked or what potential bias or prejudice defendant may have discerned in the instant jury panel. We have repeatedly held that it is the duty of a defendant to present a complete record to this Court or use appropriate procedures to correct any omissions. Ind.R.App.P. 7.2(C); *Smith v. State,* (1982) Ind., 432 N.E.2d 1363; *Davis v. State,* 428 N.E.2d at 19. The record here discloses no error during voir dire examination for our review.

### II.

■ Defendant next contends that the court erred by denying his motion for continuance when the state attempted to add several items to their discovery, two days prior to trial, which were not disclosed in the answer to discovery submitted earlier. These items included a medical report and

certain findings that were the result of a physical examination given to the victim after the instant crime. The record shows that the prosecutor claimed that he had not had possession of these items himself until the previous day due to a mix-up at the police crime lab. The court denied defendant's motion for a continuance in order to depose the physician but also ordered that the state was precluded from using anything in its case-in-chief "with regard to those late developing factors."

It is well settled that the granting of a motion for a continuance lies within the sound discretion of the trial court. His determination will be reversed only upon a showing of clear error. *Pearson v. State*, (1982) Ind., 441 N.E.2d 468; *Whitacre v. State*, (1980) 274 Ind. 554, 412 N.E.2d 1202. In this case, defendant has not shown any possible exculpatory facts that he expected to obtain from the medical reports or doctor's findings. He has not shown any prejudice since the state was precluded from using this evidence. There is no showing of clear error here.

### III.

Defendant next contends that the court erred in admitting his confession and the confession of his co-defendant into evidence. His basic arguments are that his co-defendant's confession was erroneously admitted because the references to himself were not removed and that he was too intoxicated to have given his own confession knowingly and voluntarily. The record shows that the confessions of both of the co-defendants were admitted into evidence in this case and that they were substantially the same. There is nothing in either one that would tend to incriminate the other any more than would his own confession. Both statements included a reference to the fact that defendant had a weapon. All of the details of the incident described in the confessions were fully corroborated by the victim.

 It is true that it is error to introduce into evidence a nontestifying co-defendant's confession which is inculpatory of the defendant because it violates the defendant's Sixth Amendment right to confront witnesses against him. *Bruton v. United States*, (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; *Sims v. State*, (1977) 265 Ind. 647, 358 N.E.2d 746. However, our cases have consistently held that it is harmless error to admit a co-defendant's confession where the defendant's own confession has been admitted and does not differ substantially from that of his confederate. *Gutierrez v. State*, (1979) 270 Ind. 639, 388 N.E.2d 520; *Burnett v. State*, (1978) 268 Ind. 618, 377 N.E.2d 1340; *Stone v. State*, (1978) 268 Ind. 672, 377 N.E.2d 1372; *Jefferson v. State*, (1980) Ind. App., 399 N.E.2d 816. In this case, where defendant's own confession and the testimony of the victim clearly established defendant's guilt and both confessions were substantially alike, the admission of Murphy's confession into evidence was harmless error beyond a reasonable doubt.

 Defendant also argues that he was so intoxicated from drinking and using marijuana that his confession was not voluntarily given. However, the record does not support this contention, since the statement was taken several hours after defendant was arrested and placed in jail and the officer who took the statement testified that defendant responded to questions normally and did not appear to be intoxicated.

### IV.

 Defendant next contends the trial court erred in giving over his objection its final instruction No. 12 which defined the defense of voluntary intoxication. The instruction followed the statute which was in effect at the time of the instant trial, Ind. Code § 35–41–3–5(b), and informed the jury that voluntary intoxication was not a defense to rape or criminal deviate conduct. This was a correct statement of the law which was in effect since the statute clearly limited the defense to those offenses which, in the language of their statutory definitions, were committed "with intent to" or "with an intention to." *Poe v. State*, (1983) Ind., 445 N.E.2d 94.

We have recently found that this statute, which attempted to remove the factor of voluntary intoxication in some situations, is void and that a defendant in Indiana can offer a defense of voluntary intoxication to any crime. *Terry v. State*, (1984) Ind., 465 N.E.2d 1085. However, we also stated:

> "The potential of this defense should not be confused with the reality of the situation. It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills. As a general proposition, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill."

*Terry v. State*, 465 N.E.2d at 1088.

In this case, there was evidence that defendant had been drinking, might have been smoking marijuana, and at one point was asleep in the back seat of the car before his participation in the crimes began. However, the offenses here continued over a lengthy period of time. During the time defendant participated in the criminal acts he was alert and threatened to kill the victim, physically beat the victim, consciously grabbed her on more than one occasion to prevent her from leaving the car, got out of the car at one point to converse with other friends, and committed the physical acts involved in the instant offenses. Any possible error in the court's instruction was harmless here as no reasonable doubt could exist from the evidence before the jury that defendant was functioning consciously and with intent during the time he participated in the instant crimes.

### V.

 Defendant next contends that the trial court erred in imposing consecutive sentences since both offenses arose from the same incident and the criminal deviate conduct should therefore be considered a lesser included offense of rape. There is no merit to this contention as the two offenses each require proof of one element which the other offense does not. A lesser included offense is necessarily included within the greater offense so that it is impossible to commit the greater offense without first having committed the lesser. *Humes v. State*, (1981) Ind., 426 N.E.2d 379; *Gregory v. State*, (1980) 274 Ind. 450, 412 N.E.2d 744. In this case, it is clear that the two criminal acts were separate offenses and it was proper for the court to impose consecutive sentences. *Bish v. State*, (1981) Ind., 421 N.E.2d 608.

 Defendant also contends that the trial court did not state sufficient aggravating circumstances to support the imposition of the two consecutive twenty-seven year terms. The record shows that the court did list both the mitigating and aggravating circumstances he had considered in the following:

> "The reasons for the imposition of the sentence are as follows:
>
> "There are substantial grounds tending to excuse the crime, though failing to establish a defense of: intoxication from drugs and alcohol.
>
> "The Defendant has no history of delinquency or criminal activity and he has led a law-abiding life for a substantial period before commission of the crime.
>
> "Imposition of the reduced sentence would depreciate the seriousness of the crime in that the victim was not just taken against her will. She was brutalized repeatedly accompanied by physical beatings. She escaped only by gambling that jumping from the speeding car would not kill her.
>
> "The separate and distinct crimes were committed with particular brutality over a long period of many hours showing the Defendant lacks basic human values that can be dealt with by prolonged confinement."

We have consistently held that when the trial court uses its discretionary power to increase or decrease the basic sentence or impose consecutive terms of imprisonment, the record must disclose what factors were considered by the judge to be mitigating or

aggravating circumstances. Furthermore, we have consistently held that under our present sentencing statutes the alternative ways of increasing a particular sentence are not mutually exclusive. A court may, upon consideration of relevant facts and information, increase the basic penalties, impose consecutive sentences, or both. *Allen v. State*, (1983) Ind., 453 N.E.2d 1011; *Washington v. State*, (1981) Ind., 422 N.E.2d 1218; *Mott v. State*, (1980) 273 Ind. 216, 402 N.E.2d 986.

Here, the record shows that the court did consider the facts of the specific crime and the applicable mitigating and aggravating circumstances. The victim was in a defenseless position and was brutally attacked over a continuing period of time. Sentencing is a decision within the trial court's discretion and will be reversed only upon a showing of a manifest abuse of discretion. *Lang v. State*, (1984) Ind., 461 N.E.2d 1110. The sentence here is within statutory limits and is supported by a sufficient statement of aggravating circumstances. We find no abuse of discretion here.

## VI.

 Defendant finally contends that there was not sufficient evidence to support the guilty verdicts on the necessary element of the use of force or threat of force. Our standard for reviewing sufficiency claims is firmly established; on appeal the reviewing court does not weigh the evidence or judge credibility. We are constrained to consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *McNary v. State*, (1984) Ind., 460 N.E.2d 145; *Tunstall v. State*, (1983) Ind., 451 N.E.2d 1077; *Fielden v. State*, (1982) Ind., 437 N.E.2d 986.

Defendant contends that since the victim got into the car willingly and had several "opportunities" to get out of the car but did not, the record shows that her actions were voluntary. Contrary to defendant's allegations, the record shows that the victim was tricked into getting into the car by Murphy's offer to help her fix her flat tire and was then forcibly held or beaten each time she tried to escape. Both defendant and Murphy also repeatedly beat her in order to force her to commit each sexual act. The record shows that defendant had a knife and threatened to kill the victim if she did not submit. This was sufficient evidence to support the verdicts of the jury.

For all of the foregoing reasons, there was no reversible error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.