**Derrick MURPHY, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 683 S 245.

Supreme Court of Indiana.

Oct. 23, 1984.

Estelle Powell, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Derrick Murphy, was convicted by a jury of rape, a Class A felony, Ind.Code § 35–42–4–1 (Burns 1984 Supp.), and of criminal deviate conduct, a Class A felony, Ind.Code § 35–42–4–2 (Burns 1984 Supp.). He was sentenced to the Indiana Department of Correction for two consecutive terms of twenty-seven years. In this direct appeal defendant raises the following three issues:

1. Whether the trial court erred by limiting defendant's voir dire of the jury panel;

2. Whether the trial court erred in giving its final instruction on the defense of voluntary intoxication; and

3. Whether there was sufficient evidence to support the verdicts of the jury.

A brief summary of the facts from the record shows that the victim was driving on an interstate highway near Gary, Indiana, when her car had a flat tire. She walked off the highway to get help at a service station but found she did not have enough cash to pay the station attendant his price for repairing the tire. She started walking back to her car when three men in a car stopped and offered to help her. She got in their car so they could drive her back to where her car was parked. Instead, the driver went past her car and told her they had to take one of the passengers to work. The victim later identified the driver as defendant.

Defendant drove around to several places in Gary and at one point one of the men got out of the car. Finally, defendant stopped in a deserted area, hit the victim with his fist and threatened to kill her

unless she performed fellatio. Later, the other man identified as Wesley Zachary, also got into the front seat and the victim was then beaten, raped, and forced to commit fellatio by both men. The record shows that Zachary had a knife and threatened to kill the victim if she did not submit. Murphy eventually started driving back into the city where he saw a friend at a corner. He stopped the car and told his friend to get in. The victim was then forced to perform fellatio on this man, too. She tried to escape several times but was grabbed or beaten each time. Finally, she did escape by jumping from the moving car. Defendant and Zachary were tried jointly, found guilty and given identical sentences.

## I.

Defendant first contends that he was denied his right to an impartial jury because he was not given sufficient time to voir dire the jury. He argues that the trial court unfairly limited the voir dire to twenty minutes for each side so that the state had one full twenty-minute period. He further points out that the questionnaires about the jurors' backgrounds weren't available until the beginning of his voir dire period so he had to use some of his twenty minutes looking at the questionnaires. He also alleges that it was not fair to include within his twenty-minute time period the time for questioning the prospective jurors who replaced those who were challenged. Defendant argues that as a result of these time limitations, there were seven prospective jurors that he did not have time to examine and that three of these seven jurors were selected to serve on the jury.

■ It is well settled that a trial court has broad discretionary power to regulate the form and substance of the voir dire. *McCormick v. State,* (1982) Ind., 437 N.E.2d 993; *Wickliffe v. State,* (1981) Ind., 424 N.E.2d 1007; *Roberts v. State,* (1978) 268 Ind. 127, 373 N.E.2d 1103. The function of the voir dire is to ascertain whether or not the prospective juror can render a fair and impartial verdict in accordance

with the law and the evidence. *Blackburn v. State,* (1979) 271 Ind. 139, 390 N.E.2d 653.

■ We find no abuse of discretion here as our decisions have repeatedly upheld a twenty minute per side (not per party) limitation on voir dire in criminal cases, where the trial court conducts the initial voir dire examination and defendant may submit additional questions in writing. *Davis v. State,* (1981) Ind., 428 N.E.2d 18; *Lynn v. State,* (1979) 271 Ind. 297, 392 N.E.2d 449; *Hart v. State,* (1976) 265 Ind. 145, 352 N.E.2d 712.

Defendant admits the court did conduct the initial voir dire for all the prospective jurors but claims he wasn't allowed an opportunity to submit additional questions. However, the record in this case contains no transcript of the voir dire, but rather shows that both sides agreed to the absence of the court reporter during voir dire. We cannot tell from this record what questions the court asked or what potential bias or prejudice defendant may have discerned in the instant jury panel. We have repeatedly held that it is the duty of a defendant to present a complete record to this Court or use appropriate procedures to correct any omissions. Ind.R.Ap.P. 7.2(C); *Smith v. State,* (1982) Ind., 432 N.E.2d 1363; *Davis v. State,* 428 N.E.2d at 19. The record here discloses no error during voir dire examination for our review.

## II.

Defendant next contends the trial court erred in giving over his objection its final Instruction No. 12 which defined the defense of voluntary intoxication. The instruction followed the statute which was in effect at the time of the instant trial, Ind. Code § 35–41–3–5(b), and informed the jury that voluntary intoxication was not a defense to rape or criminal deviate conduct. This was a correct statement of the law which was in effect since the statute clearly limited the defense to those offenses which, in the language of their statutory definitions, were committed "with intent

to" or "with an intention to." *Poe v. State,* (1983) Ind., 445 N.E.2d 94.

We have recently found that this statute, which attempted to remove the factor of voluntary intoxication in some situations, is void and that a defendant in Indiana can offer a defense of voluntary intoxication to any crime. *Terry v. State,* (1984) Ind., 465 N.E.2d 1085. However, we also stated:

> "The potential of this defense should not be confused with the reality of the situation. It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills. As a general proposition, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill."

*Terry v. State,* 465 N.E.2d at 1088.

In this case, there was evidence that defendant had been drinking and might have been smoking marijuana. However, evidence was also introduced to show that he drove a car, talked to different friends during the course of the crime, and made decisions on a course of action for the continuing crime. Any possible error in the court's instruction was harmless here as no reasonable doubt could exist from the evidence before the jury, that defendant had the intent to commit the acts for which he was charged.

### III.

Defendant finally contends that the verdicts of the jury were not supported by sufficient evidence because the jury was precluded from considering the defense of voluntary intoxication. As we discussed above, there was not sufficient evidence before the jury to support a defense of voluntary intoxication here. All the other elements of the instant crimes were proven beyond a reasonable doubt. There is no error here.

For all of the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.