**Hassan RAFIQ, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 71A03–8601–CR–28.**

Court of Appeals of Indiana,
Third District.

July 28, 1986.

⌐17(4)

Anthony V. Luber, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Defendant-appellant Hassan Rafiq appeals his conviction for dealing in a sawed-off shotgun, a Class D felony.[1]

The evidence relevant to this appeal reveals that on December 15, 1984 Rafiq's landlord, Joseph Jennings, was in the process of showing an apartment to a potential

---

1. IND.CODE § 35–47–5–4 (1983 Supp.).

tenant when they encountered Rafiq. At Rafiq's request, the two then drove him to a location several blocks away. Rafiq then asked Jennings to speak to a friend regarding rental of his apartment because Rafiq was about to move.

Jennings requested Rafiq's keys since he was moving. Rafiq opened his coat revealing a sawed-off shotgun, and threatened to kill Jennings. Jennings fled and called the police. Later when Rafiq returned to the apartment he was apprehended after a short pursuit by Jennings and the police.

After a trial by jury, Rafiq was found guilty of dealing in a sawed-off shotgun in April 1985. This appeal ensued. As restated, the issues presented for review are:

(1) whether the trial court erred in admitting evidence of other alleged misconduct by Rafiq;

(2) whether the trial court erred in denying a mistrial after inadmissible evidence was presented to the jury;

(3) whether the trial court erred in denying a motion for dismissal based upon the State's failure to prove that the shotgun was manufactured after 1898;

(4) whether the trial court erred in the giving and refusing of certain instructions; and

(5) whether sufficient evidence supported the jury's verdict of guilty.

Initially, Rafiq questions the propriety of allowing testimony by State's witness, Alvin Harradon, regarding an incident on the evening prior to the occurrence with which Rafiq was charged. Harradon testified that he saw Rafiq on December 14, 1984 carrying the shotgun in his belt. He again saw Rafiq on December 15, wearing the same attire and he saw the same shotgun, after it was found by the police.

■ Generally, evidence of an accused's criminal conduct unrelated to the crime charged is inadmissible. *Williams v. State* (1985), Ind., 481 N.E.2d 1319, 1321. However, such evidence may be admissible to show intent, guilty knowledge, identity or a common scheme or plan. *Howard v. State* (1981), Ind.App., 422 N.E.2d 440, 443.

■ The State argues in the present case that Harradon's testimony established identity and a common scheme or plan. The testimony was highly relevant to identity. Rafiq had thrown down the gun prior to his apprehension by the police on December 15. Harradon's testimony, identifying Rafiq as the person who he had seen the day before with the gun, addressed a material issue in the case. Because the testimony was admissible on the basis of relevance to identity, the State's argument regarding common scheme or plan need not be addressed.

Rafiq's second contention questions the trial court's denial of his motion for mistrial after presentation of inadmissible evidence by the State. One of the State's witnesses testified regarding a shotgun shell which he stated was found in the possession of Rafiq. Upon further examination, the witness admitted that he had neither taken the shell from Rafiq nor had he seen the shell taken from Rafiq. Rafiq moved for admonishment to the jury, but further asked for a mistrial on the basis that the admonishment to the jury could not cure the prejudice which had occurred.

■ Whether to grant a motion for mistrial is a matter which lies within the discretion of the trial court. *Gambill v. State* (1982), Ind., 436 N.E.2d 301, 304. This Court will reverse the trial court when the defendant demonstrates that he was placed in a position of grave peril to which he should not have been subjected. *Morgan v. State* (1981), 275 Ind. 666, 671, 419 N.E.2d 964, 967.

■ In the present case, the trial judge admonished the jury to disregard the testimony concerning the shotgun shell, and did not proceed with the trial until he had questioned the jurors as to whether they could ignore the testimony. Ordinarily, a prompt admonition to the jury to disregard the offensive testimony, will sufficiently protect the defendant's rights. *Dudley v. State* (1985), Ind., 480 N.E.2d 881, 897. Rafiq's right to a fair trial was

not abridged; accordingly, the trial court did not err in denying the mistrial.

■ Third, Rafiq complains that the State failed to carry its burden of proof because it did not establish that the shotgun in question was manufactured after January 1, 1899. IND.CODE § 35–47–5–5 (1983 Supp.) states:

"This chapter does not apply to any firearm not designed to use fixed cartridges or fixed ammunition, or any firearm made before January 1, 1899."

The trial court refused Rafiq's motion to dismiss, at the close of the State's case, which was based upon the above statute. The trial court ruled that reliance on the statute was in the nature of a defense, and thus Rafiq had the burden of showing that he fell within its purview. Rafiq presented no evidence as to the gun's date of manufacture.

The State established the elements necessary to convict Rafiq of dealing in a sawed-off shotgun under IND.CODE § 35–47–5–4 (1983 Supp.). It is most likely that had the legislature intended to place the burden on the State, the date of manufacture would have been included as an element within IND.CODE § 35–47–5–4. The trial court did not err in denying Rafiq's motion to dismiss.

■ Next, Rafiq argues that the trial court erred in failing to give one of Rafiq's instructions and in giving one of the State's instructions. Rafiq tendered an instruction which informed the jury of the existence of IND.CODE § 35–47–5–5. The trial court refused the instruction. As noted above in issue three, Rafiq presented no evidence of the gun's date of manufacture. There being no evidentiary basis for the instruction, it was properly refused.

Over Rafiq's objection, the trial court read to the jury an instruction which informed it that the evidence of a prior possession of a sawed-off shotgun by Rafiq was admitted only to show intent, knowledge and identity but not to prove Rafiq's guilt of the offense charged. Rafiq contends that the instruction unduly highlighted the evidence thereby causing him prejudice.

■ Instruction of the jury lies within the discretion of the trial court and will be reversed for an abuse of that discretion. *Tanner v. State* (1984), Ind., 471 N.E.2d 665, 667. Rafiq does not question whether the instruction correctly stated the law. Instead, Rafiq analogizes to the situation where a defendant does not testify. When properly requested by the defendant it is error for a trial court to refuse to instruct the jury not to consider defendant's failure to testify; and conversely it is error to give such an instruction over defendant's objection. *Parker v. State* (1981), Ind., 425 N.E.2d 628, 630.

■ An instruction on defendant's failure to testify may be distinguished from the instruction given in the present case. A defendant has a constitutional right not to testify and neither a prosecutor nor the trial court may comment upon that failure according to case law. *Manning v. State* (1984), Ind.App., 459 N.E.2d 1207, 1213. However, the instruction given at Rafiq's trial dealt with an evidentiary rule subject to exceptions, and is not accompanied by constitutional guarantees.

■ Rafiq's final allegation of error questions the sufficiency of the evidence to support his conviction. This Court may neither weigh the evidence nor judge the credibility of witnesses. *Zachary v. State* (1984), Ind., 469 N.E.2d 744, 750. On review only the evidence most favorable to the State, together with any reasonable inferences to be drawn therefrom, may be considered. *Zachary, supra.* Under the charging statute, IND.CODE § 35–47–5–4, violation of the statute may be proved by mere possession of a sawed-off shotgun. The jury was presented with sufficient evidence to convict Rafiq on the crime charged.

Therefore, the judgment of conviction is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.