**Bobbie Edward HALL, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee,**
**(Plaintiff Below).**

No. 48S02–8609–CR–838.

Supreme Court of Indiana.

Sept. 25, 1986.

Frank E. Spencer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Bobbie Edward Hall was convicted following a trial by jury of dealing in a schedule I controlled substance, Ind. Code § 35–48–2–4, § 35–48–4–2. The judge sentenced him to a term of ten years imprisonment, with two years suspended. The Court of Appeals affirmed his conviction in an unpublished memorandum opinion. 484 N.E.2d 84.

Hall now petitions this Court for transfer, alleging several errors. We find one of these issues sufficiently compelling that we grant transfer to address it:

> whether the trial judge erred in leaving the courtroom during voir dire and allowing the State to continue questioning prospective jurors in his absence.

It is not disputed that the judge absented himself from the courtroom twice during the State's voir dire, leaving no bailiff, court reporter, or other court personnel present at the proceedings. Because defense counsel's view was blocked by a blackboard, he did not notice that the judge had left the courtroom until he rose to make an objection to the State's questioning.

Defense counsel left the courtroom to seek out the judge so that he could object to the State's improper statement of the elements of the crime charged and to the use of the blackboard and statute books displayed to the jury. He found the judge in an adjoining room, where he had gone to act on an emergency petition. Counsel voiced his objection: the prosecutor did not inform the prospective jurors that the State bore the burden to prove predisposition in response to the defendant's asserted defense of entrapment. The judge responded that he was familiar with the prosecutor's usual style of voir dire and overruled the defendant's objection. Incredibly, the prosecutor continued to question the prospective jurors in the absence of both the judge and defense counsel.

When both trial judge and defense counsel had returned to the courtroom, it was discovered that the courtroom recording equipment had not been turned on, though a power indicator was lighted, leading counsel to believe that a record was being made. A record of the proceedings, with the judge in attendance, was begun. At the conclusion of voir dire, defense counsel renewed his objection, moved to discharge

the jury, and requested a mistrial. All motions were overruled, and the trial continued, resulting in the defendant's conviction.

■ The trial court is vested with broad discretion to regulate the substance and form of voir dire; its determination will be reversed only on a showing of manifest abuse and denial of a fair trial. *Murphy v. State* (1984), Ind., 469 N.E.2d 750, 752; *Zachary v. State* (1984), Ind., 469 N.E.2d 744, 747; *Marbley v. State* (1984), Ind., 461 N.E.2d 1102, 1106. This grant of discretion is justified by the unique position of the trial court to "determine the good faith of the attorney in propounding the question and limit the examination if the circumstances ... warrant." *Roby v. State* (1939), 215 Ind. 55, 65, 17 N.E.2d 800, 804.

■ The purpose of voir dire is to determine whether a prospective juror is able to fairly determine the issue of guilt. *Murphy*, 469 N.E.2d at 752; *Zachary*, 469 N.E.2d at 747; *Marbley*, 461 N.E.2d at 1106. This purpose "can be best accomplished by the trial judge's assumption of a more active role in the voir dire proceedings and by exercising, rather that abdicating, his broad discretionary power to restrict interrogation to that which is pertinent for testing the capacity and competence of the jurors." *Robinson v. State* (1973), 260 Ind. 517, 521, 297 N.E.2d 409, 412.

■ It is error for a judge to depart from the courtroom while a trial is proceeding, although the judge's absence has been found harmless when the judge remained in effective control. *McBrady v. State* (1984), Ind., 459 N.E.2d 719. In *McBrady*, the judge was absent from the courtroom twice. During the first absence, all proceedings stopped and the jury merely remained in the courtroom. During the second absence, the jury examined defense exhibits. At all times, the jury was in the charge of the bailiff. Both the prosecutor and defense counsel agreed that "nothing out of the ordinary" occurred. McBrady did not show how he was harmed by the judge's absence. Moreover, any error was waived by his failure to object.

■ In this case, a timely objection preserved the error for review, and the appellant alleges harm in the prosecutor's misstatement of the elements of the crime. The State argues that any harm which arose from the misstatement at voir dire was cured by the court's proper instructions on the elements. This argument misses the importance of effective voir dire. Many experienced advocates believe their case has been determined by the time that the jury has been sworn. *Robinson*, 260 Ind. at 521, 297 N.E.2d 409. If a jury is misinformed during voir dire of the elements of proof required of the State, then it will receive and evaluate evidence throughout the trial relying on this misinformation. We cannot say that a proper final charge would remove the taint. One party cannot place the other in a "dying condition" and then expect to revive that party with instructions. *Martin v. Lilly* (1919), 188 Ind. 139, 146, 121 N.E. 443, 446.

Appellant is hard-pressed to prove the specific misstatement of the prosecutor and its resulting harm, as no record of that portion of the questioning was made. Where the trial judge is present and presiding, we have every confidence in the regularity of the proceedings. If he absents himself, there is no basis for such a presumption.

The petition for transfer is granted. The judgment of the trial court is reversed and the cause remanded for a new trial.

GIVAN, C.J., and DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., concurs in result without separate opinion.