**James GRAHAM, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 182S45.

Supreme Court of Indiana.

Nov. 29, 1982.

J. Patrick Biggs, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

, The defendant, James Graham, was convicted by a jury of burglary, a class C felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.) and was found to be an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.). He was sentenced to the Indiana Department of Correction for consecutive terms of five and thirty years. His direct appeal raises the following three issues:

1. Whether the trial court erred in denying defendant's motion to appoint a psychiatrist to aid in his defense;

2. Whether the trial court erred in denying defendant's motion for a directed verdict and whether the evidence was sufficient to sustain the burglary conviction; and

3. Whether the trial court erred in admitting certain exhibits into evidence during the habitual offender phase of the trial.

A brief summary of the facts from the record most favorable to the state shows that Police Officer Erwin of New Albany, Indiana, discovered a broken window at the G & G Oil Company building during her regular patrol in the early morning hours of April 15, 1981. She radioed for assistance and then got out of the patrol car to investigate. She discovered a box full of cigarettes outside the building near the broken window and then went into the building where she discovered that some vending machines had been broken into and a cash register drawer was open. Another police officer arrived and in the light from the headlights of his car, Erwin discovered defendant hiding in a room in the building.

Defendant was taken into custody and a large quantity of change, several sets of keys and a vehicle title were found in his pockets. Some of these items were later identified by the owner of the G & G Oil Company as belonging to him. Defendant was advised of his rights at the scene and again at police headquarters. He signed a waiver of rights form and told the police he didn't need to give a written statement since he had been caught in the building. He admitted that the items found in his pockets had been taken from the cash register and that he chose the G & G Oil Company building because he was in the area and needed money.

I.

Defendant first contends that the trial court erred in refusing to appoint a psychiatrist to aid the defense. There was no claim of insanity in this case; rather, defendant claimed a lack of ability to form the requisite intent due to the large amount of alcohol he had consumed during the five days prior to the instant crime. He claims that his fundamental rights of equal protection, due process and the right to the effective assistance of counsel were denied because he was not able to hire the necessary psychiatric witness and one was not provided for him.

It is well established that due process does not require that any expert the defendant believes helpful to his defense must be appointed for him at public expense. *Smith v. Baldi,* (1953) 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549; *Underhill v. State,* (1981) Ind., 428 N.E.2d 759; *Himes v. State,* (1980) Ind., 403 N.E.2d 1377; *Roberts v. State,* (1978) 268 Ind. 127, 373 N.E.2d 1103. The entitlement to such assistance generally rests in the discretion of the trial court. The determination must be made in the context of the case, and only a clear abuse of that discretion will be deemed a denial of due process. *Griffin v. State,* (1981) Ind., 415 N.E.2d 60; *Himes v. State, supra.*

■ In the instant case, we do not find that there was a substantial question which required expert testimony to resolve it. Both defendant and the state presented testimony concerning the amount of drinking defendant had done prior to the instant crime and the degree of intoxication he exhibited when he was arrested at the scene of the crime. The effects of alcohol upon a person's capacity to form the necessary intent to commit a crime is generally regarded to be within the common experience of the average person. The presentation of technical medical opinions was not necessary under the circumstances of this case to insure that defendant was provided with an adequate defense and a fair trial. The assistance of a psychiatrist was not essential to the minimum requirements of due process, equal protection, or the effective assistance of counsel, and we find no abuse of discretion here.

## II.

Defendant next alleges that the trial court erred in denying his motion for directed verdict at the close of the state's case and that the evidence was insufficient to sustain his conviction for burglary. He argues that the evidence was insufficient in two respects: that there was not a sufficient identification of the items found on him to establish that they had been taken from the G & G Oil Company, and that he was too intoxicated to form the necessary intent.

■ Our standard for reviewing sufficiency claims is firmly established; on appeal the reviewing court does not weigh the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Rowan v. State,* (1982) Ind., 431 N.E.2d 805; *Wofford v. State,* (1979) Ind., 394 N.E.2d 100; *Poindexter v. State,* (1978) 268 Ind. 167, 374 N.E.2d 509. On review, this Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the finding of the jury. *Hall v. State,* (1980) Ind., 405 N.E.2d 530; *Parks v. State,* (1979) 270 Ind. 689, 389 N.E.2d 286.

■ The evidence in this case clearly supports the jury's inference that defendant committed the burglary. The police officer discovered a broken window at the G & G Oil Company building and discovered that vending machines inside the building had been broken into and the cash register drawer was open. The officer then discovered defendant hiding in the building with a large quantity of change in his pockets as well as several sets of keys and a vehicle title. While the owner of the company could not specifically identify the change, he did specifically identify the keys. Police officers also testified that defendant admitted he had taken the items found in his pockets from the cash register. This was substantial evidence from which the jury could have found beyond a reasonable doubt that defendant committed the burglary. Since there was sufficient evidence to sustain the conviction, the trial court's refusal of the motion for directed verdict was clearly proper. *Faught v. State,* (1979) Ind., 390 N.E.2d 1011.

■ Additionally, defendant waived any error concerning the denial of the directed verdict by presenting evidence in his behalf after the motion was denied. *Love v. State,* (1980) Ind., 400 N.E.2d 1371.

Defendant's second argument is that he was too intoxicated to form the necessary intent. It is true that defendant offered several witnesses who testified to the large amounts of alcohol defendant had been consuming during the five days preceding the instant crime. One witness testified that he had been with defendant an hour and a half before the time of the instant crime and that defendant was drunk at that time. However, three experienced police officers testified that defendant did not appear to be intoxicated when he was arrested.

There was testimony that he walked normally from room to room in the G & G Oil Company building and also at the police station. His speech was not slurred and he was responsive to questions which were asked. One officer stated that he could smell alcohol on defendant, but did not believe defendant was intoxicated.

The law is well settled that voluntary intoxication is no defense in criminal proceedings unless it can be shown that the accused was so intoxicated as to be incapable of forming the specific intent necessary to commit the crime. *Cowans v. State,* (1980) Ind., 412 N.E.2d 54; *Larkin v. State,* (1979) Ind., 393 N.E.2d 180; *Greider v. State,* (1979) 270 Ind. 281, 385 N.E.2d 424. The burden of proving affirmative defenses, including that of intoxication, is on the defendant. *Duffy v. State,* (1981) Ind., 415 N.E.2d 715. So long as the accused is capable of conceiving a design, he will be presumed, in the absence of contrary proof, to have intended the natural consequences of his own acts. *Cowans v. State, supra.* Here there was sufficient evidence of defendant's control over his own actions at the time of the offense to support the jury's finding of the necessary specific intent.

### III.

Defendant finally contends that the trial court erred in admitting into evidence certain of the state's exhibits during the habitual offender phase of the trial. The state's exhibit No. 1 was a police identification card which contained a photograph, fingerprints and some identification information of defendant. A police officer testified that he personally took the photograph and fingerprints of defendant when he was arrested for the instant crime and was present when defendant gave the other information which was on the card. This exhibit was admissible through the officer's testimony since he was present when all the information on the card was obtained and was subject to cross-examination as to its authenticity. *Anderson v. State,* (1981) Ind., 426 N.E.2d 674.

The rest of the complained of exhibits were all documents concerning defendant's three prior convictions in Kentucky and Indiana for robbery and second-degree burglary. For each of these convictions the documents included were copies of the indictment or charging information, copies of the judgment of conviction and sentence entered, prison admittance records, prison photograph and fingerprint records, and other prison record cards. An examination of the record before us reveals that all of these documents were properly certified by the appropriate keeper of records, either the clerk of the court or the custodian of the prison records, as full, true and correct copies of the originals. All of these exhibits were connected to defendant by the testimony of a police officer, a qualified fingerprint identification expert, who compared the fingerprints in state's exhibit No. 1, which were known to be defendant's fingerprints, to the fingerprints in the prison records in each of the prior convictions. Additionally, in each of the prior convictions the prison entrance or commitment records connected the judgment and sentencing orders with the appropriate prison records.

We find no error in the admission of any of these documents. They were all properly certified and met the statutory requirements for admission into evidence. It was not necessary that the prison officials themselves had to testify to establish the authenticity of the documents. Ind.Code §§ 34–1–17–7 and 34–1–18–7 (Burns 1973); *Barnett v. State,* (1981) Ind., 429 N.E.2d 625; *Gilmore v. State,* (1981) Ind., 415 N.E.2d 70; *Collins v. State,* (1981) Ind., 415 N.E.2d 46. The record reveals that the documents were all sufficiently connected to defendant to establish their relevancy, and the proper certification provided the necessary foundation for their admission. We have held that chain of custody requirements do not apply to certified copies of public records. *Duncan v. State,* (1980) Ind., 409 N.E.2d 597. There was no error in the admission of any of these documents and there was sufficient evidence to support the verdict on the habitual offender charge.

 

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.