**Andre DAUGHTRY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 584S204PS.**

Supreme Court of Indiana.

Oct. 27, 1986.

Rehearing Denied Dec. 17, 1986.

Susan K. Carpenter, Public Defender, Hector L. Flores, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Andre Daughtry was convicted at the conclusion of a jury trial in the Lake Superior Court of kidnapping, a class A felony, and robbery, a class B felony. He was sentenced to twenty-five (25) years for kidnapping and eight (8) years for robbery, to be served concurrently. On direct appeal, the sole issue for consideration is whether there was sufficient evidence to sustain the convictions.

On the evening of October 21, 1982, Larry Robinson drove his car to a liquor store near his home in Gary, Indiana. He parked in front of the store and as he got out of the car a man approached him and asked for a cigarette. Robinson said he had none, went into the store, and made a purchase. When he came out about five minutes later, the same man approached him once again, and asked him if he wanted to buy drugs. Another man appeared from behind the corner of the store. The first man walked Robinson to his car, and Robinson noticed the second man was carrying a shotgun. Fearing that he might be "jumped," Robinson tried to get into his car. The second man pointed the gun in Robinson's face, Robinson pushed it away, and a struggle ensued. The first man ran to the other side of the car, got in, produced a handgun, and told Robinson to move over. The men demanded money, and Robinson took the remaining small amount of money he had left and threw it on the ground outside the car, next to the man with the shotgun. That man then entered the car. The men asked if Robinson had any more money at home or if he had a bank card, and Robinson, not wishing to involve his family, tried to persuade the men with his bank card. Robinson was then forced to lie on the floor of the back seat and cover himself with his coat. The men then drove away, were eventually followed and chased by the police, and were apprehended when the car struck a tree and stopped, and they attempted to flee. Robinson made an in-court identification of Appellant as one of his assailants.

Appellant was charged with kidnapping while high jacking. Appellant correctly points out that there is no statutory definition of the term "high jacking." He then urges a narrow interpretation of the term, as found in *Black's Law Dictionary*, which refers to the robbery of goods or a vehicle while in transit. Appellant maintains that under this definition, no evidence of high jacking was produced, thus leaving unproven an essential element of the crime charged.

This identical argument was presented on appeal of co-defendant James Wilson's case. There, Justice DeBruler wrote for a unanimous court:

> "Based upon the use of the term 'highjacking' in a statute designed to protect persons, the broad statutory definition of a vehicle subject to that action, and the current problems of which we are aware, we do not believe the legislature intended to restrict kidnapping to those situations in which the vehicle was transporting goods. The word has a central core meaning which is commonly understood by the public at large; that is, the exercising of unlawful or unauthorized control of a vehicle by force or threat of force upon the vehicle's inhabitants."

*Wilson v. State* (1984), Ind., 468 N.E.2d 1375, 1377–1378, *reh. denied* (1984). Appellant's argument is therefore without merit.

Appellant further contends Robinson consented to being transported. This argument, as illustrated from the facts stated above, is also totally lacking in merit. On

appeal we do not weigh the evidence or judge the credibility of the witnesses; rather, we look to the evidence most favorable to the State, along with all logical inferences therefrom. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

 Finally, Appellant maintains his conviction for robbery was based on insufficient evidence because Robinson did not actually see either assailant take control of the money. Robinson testified that the men demanded money at gunpoint, that he took the remaining two or three dollars he had and threw it on the ground next to one of the men, and that he "guessed" the man picked it up. Robinson confessed to some problem with "minute details" because he was so frightened and because everything was happening so fast. It is not necessary that the victim testify he actually observed a robber or a burglar take control of stolen items. It is sufficient if probative evidence is produced from which the jury can infer that the robber or burglar took control of the items. Such evidence was presented here. Furthermore, a close review of the record reveals a point in time where Robinson did say that one of his assailants picked up the money. Clearly there is sufficient evidence of robbery here.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.