Thomas NOBLE, Petitioner–Appellant,

v.

STATE of Indiana,
Respondent–Appellee.

No. 84A01–8801–PC–36.

Court of Appeals of Indiana,
First District.

May 23, 1988.

Susan K. Carpenter, Public Defender, John Ribble, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant, Thomas Vance Noble (Noble), appeals the Vigo Circuit Court's denial of his petition for post-conviction relief filed pursuant to Ind. Rules of Procedure, Post–Conviction Rule 1.

We affirm.

## STATEMENT OF THE FACTS

On April 20, 1985, Noble was arrested near the scene of a residential burglary by Officers John Leggett (Leggett) and Drew Roman (Roman) of the Terre Haute Police Department. On April 23, 1985, Noble was charged by Information with burglary, a Class B felony under IND.CODE 35–43–2–1. On October 22, 1985, Noble submitted to the trial court a plea agreement entered into with the State whereby he pleaded guilty to the burglary charge. At the guilty plea hearing the trial court advised Noble as required by IND.CODE 35–35–1–2. The trial court asked Noble whether he understood the nature of the charge and the effect of his guilty plea. Noble responded affirmatively. The trial court asked for a factual foundation. The prosecutor then read a summary of the facts of the case. Noble testified that while he did go up to the house in question, he did not have any memory of entering or being inside the house. The trial court took the tendered guilty plea under advisement and set the cause for an evidentiary hearing and sentencing hearing on November 4, 1985.

During the evidentiary hearing Roman testified that Noble was found passed out or asleep in the yard of the burglarized residence. Roman further testified that a jewelry box belonging to the owners of the burglarized residence was found in Noble's left pant pocket. Roman also testified that a baseball cap, which fit Noble, was found in the burglarized residence. Noble again testified that he had no memory of commit-

ting the crime to which he pled guilty. The trial then concluded that there was sufficient factual basis for the guilty plea despite Noble's stated inability to remember the events in question. Noble was sentenced to a 15 year term of imprisonment.

On May 13, 1987, Noble filed a *pro se* petition for post-conviction relief, alleging several errors. Noble's petition was amended by counsel on August 26, 1987. The post-conviction court held an evidentiary hearing on Noble's petition on August 31, 1987. Thereafter, the post-conviction court denied Noble's petition on September 2, 1987. Noble appeals this denial.

### ISSUES

Noble presents three issues on appeal, which restated are as follows:

I. Whether the post-conviction court erred in rejecting Noble's argument that he was denied effective assistance of counsel.

II. Whether the post-conviction court erred in rejecting Noble's argument that his guilty plea was not knowingly, intelligently, and voluntarily entered.

III. Whether the post-conviction court erred in rejecting Noble's argument that there was an insufficient factual basis for the trial court to accept his guilty plea.

### DISCUSSION AND DECISION

I. *Effective Assistance of Counsel*

When seeking post-conviction relief, the petitioner has the burden of proving his claims by a preponderance of the evidence. When post-conviction relief is denied this court does not weigh the evidence. This court will reverse only when the evidence is without conflict and leads to but one conclusion contrary to that reached by the trial court. *Ross v. State* (1983), Ind., 456 N.E.2d 420; *Gresham v. State* (1984), Ind.App., 459 N.E.2d 66.

Noble contends that the post-conviction court erred in finding that he was given effective assistance of counsel. Noble argues that Wagner did not properly investi-

gate or evaluate an intoxication defense, and did not properly advise him regarding the potential of that defense. Therefore, Noble claims that Wagner's performance was deficient and that there is a reasonable probability that, but for the deficient performance, he would not have pleaded guilty.

To succeed on a claim of ineffective assistance of counsel, a defendant must show both (a) deficient performance by counsel, and (b) resulting prejudice to defendant. *Strickland v. Washington* (1984), 466 U.S. 668, 104 U.S. 2052, 80 L.Ed.2d 674; *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291. There is a strong presumption that counsel is competent, and strong and convincing evidence is required to rebut that presumption. *Brockway v. State* (1987), Ind., 502 N.E.2d 105; *Terry v. State* (1984), Ind., 465 N.E.2d 1085. The standard is one of adequate legal representation. *Dillon v. State* (1983), Ind., 448 N.E.2d 21.

In *Burse v. State* (1987), Ind., 515 N.E.2d 1383, the court stated:

However, when a defendant opts to plead guilty rather than proceed to trial the second component of the *Strickland* test is modified. A defendant, rather than needing to show prejudice, must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203.

515 N.E.2d at 1385–86. The court in *Hill* further stated:

In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as

to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. *Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.* (Emphasis added.)

474 U.S. at 59, 106 S.Ct. at 370–371.

During the post-conviction relief hearing Wagner testified that while representing Noble he had conducted research on the intoxication defense and considered it as a potential defense. Wagner further testified that he had discussed this possibility with Noble.

Wagner testified that he had been a public defender in Vigo County since July 1, 1980, and in that capacity had experience in preparing and presenting the intoxication defense. In fact, back on August 29, 1985, Wagner had filed a motion to have a psychiatric examination and evaluation of Noble. The trial court granted the motion and Noble was examined by two court appointed psychiatrists. The psychiatrists' reports stated that at the time of the alleged offense, Noble suffered from alcohol and drug abuse, which hindered his ability to conform to the requirements of law. Wagner testified that he had reviewed these reports and discussed them with Noble. Wagner further testified that he had reviewed the police report by Roman. That report contained a statement by Noble. In that statement, Noble explained everything he remembered about the incident:

Me and my brother Robert Joseph Noble around 2:15 a.m., Saturday morning, April 20th, 1985, were walking along drunk, north of Maple around 24th Street. I asked him if he wanted to go break into a house and he said that he wasn't going to have any part in any burglary and started off for home. So I proceeded up to a house and broke into it, but I don't know how I did it. Once inside I remember taking a ring that was in a box that was sitting on a dresser. Then I don't know how I left the house. The last thing I remember was getting woke up by a police officer and getting really rowdy with him. Then I was taken to the Vigo County Jail. That's all I remember about the burglary.

*Record* at 318.

In light of this statement Wagner testified he believed that at the time of the alleged offense Noble would have been able to devise a plan to break into the house. This belief would have been important because the court in *Terry, supra,* stated the following concerning an intoxication defense:

A defendant in Indiana can offer a defense of voluntary intoxication to any crime. The potential of this defense should not be confused with the reality of the situation. It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills. As a general proposition, a *defendant should not be relieved of responsibility when he was able to devise a plan,* operate equipment, instruct the behavior of others or carry out acts requiring physical skill. (Emphasis added.)

465 N.E.2d at 1088. Furthermore, the police report stated that Officers Roman and Legett found Noble laying in the yard of the burglarized residence with the residential owner's jewelry box.

Finally, Wagner testified concerning an intoxication defense that:

[I]f he had been unable to appreciate the wrongfulness of his conduct and had he been able to prove that by a preponderance of the evidence, uh, then he would've had a defense.

*Record* at 248. The law concerning an intoxication defense during the time period Wagner represented Noble was noted in *Graham v. State* (1982), Ind., 441 N.E.2d 1348, where the court stated:

The law is well settled that voluntary intoxication is not defense in criminal proceedings unless it can be shown that the accused was so intoxicated as to be

incapable of forming the specific intent necessary to commit the crime. The burden of proving affirmative defenses, including that of intoxication, is on the defendant. (Citations omitted.)

441 N.E.2d at 1352. *See also Grogan v. State* (1985), Ind.App., 482 N.E.2d 300; *Satterfield v. State* (1984), Ind.App., 468 N.E.2d 571. We interpret these cases to hold that a defendant asserting an intoxication defense has the burden of proving that defense by a preponderance of the evidence. Consequently, Wagner's interpretation was correct.

Counsel's performance is not rendered ineffective when he chooses not to invoke a defense of intoxication which appears under the facts and case law of Indiana to be doomed to failure. *Montgomery v. State* (1988), Ind., 521 N.E.2d 1306; *Daughtry v. State* (1986), Ind., 498 N.E.2d 1217. Consequently, Noble has failed to sustain his burden under *Strickland, supra.* Noble has shown no error on this issue.

## II. *Guilty Plea*

 Noble next contends that the post-conviction court erred in finding that his guilty plea was knowingly, intelligently, and voluntarily entered. Noble cites *White v. State* (1986), Ind., 497 N.E.2d 893, where the court stated:

> Defendants who can prove they were actually misled by the judge, the prosecution or the defense counsel about the choices before them will present colorable claims for relief.

497 N.E.2d at 905–6. Noble therefore argues that he falls within the category of defendants who were misled by counsel.

We can find no grounds to support Noble's contention. As noted earlier, Wagner testified at the post-conviction relief hearing that he had discussed the possibility of an intoxication defense with Noble. Wagner's evaluation of a defendant's burden in asserting that defense was correct.

Wagner further testified that he had talked to Noble about his prior criminal record and the plea agreement before the agreement was submitted to the trial court. Consequently, Noble has failed to show error by the post-conviction court on this issue.

## III. *Sufficient Factual Basis*

Noble finally contends that the post-conviction court erred in finding there was sufficient evidence presented to the trial court to establish a factual basis for the guilty plea.

A trial court shall not enter judgment upon a guilty plea unless it is satisfied there is a sufficient factual basis for the plea. IND.CODE 35–35–1–3(b). In deciding whether there is a sufficient factual basis for the guilty plea, we will not weigh the evidence or judge the credibility of witnesses, but will look to the evidence most favorable to the State. We will uphold the trial court's finding if there is substantial evidence of probative value to support it. *Stockey v. State* (1987), Ind., 508 N.E.2d 793; *Dearman v. State* (1986), Ind., 500 N.E.2d 1161.

As stated earlier, Roman testified during the evidentiary hearing that Noble had been found laying in the yard of the burglarized residence with a jewelry box belonging to the owner of the residence in his left pant pocket. Roman further testified that a baseball cap, which fit Noble and did not belong to the residence's owner, was found in the burglarized residence. This testimony constituted a sufficient factual basis for the trial court to accept the guilty plea. Therefore, Noble has shown no error on this issue.

For the above reasons, this cause is affirmed.

Judgment affirmed.

ROBERTSON and BUCHANAN, JJ., concur.