Richard E. JONES, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8709–CR–839.

Supreme Court of Indiana.

June 30, 1988.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Burglary and a finding that he was an habitual offender. He received a ten (10) year sentence for Burglary, enhanced by thirty (30) years by reason of his status as an habitual offender.

The facts are: About midnight on the night of May 23–24, 1986, Steve Burgett was awakened by noises from next door. He observed a man attempting to enter the rear window of a neighboring house. He summoned the police. When police officers arrived, some of them entered the house through an open window. Inside they apprehended Jeffery Key. Appellant exited an upstairs window onto a porch roof, ran across the porch roof and jumped into the alley where he was apprehended by other police officers. When Key was apprehended inside the house, he had a crowbar in his possession.

Sarah Buchwald, the occupant of the burglarized house, testified that she had left her jewelry in a drawer in her bedroom. When police investigated, they found the jewelry had been removed from the drawer and had been placed on a table beside the window through which appellant had exited onto the porch roof. Four police officers testified that they had direct contact with appellant immediately after his arrest and that they saw no signs of intoxication, that he seemed to understand what was happening, and that when he arrived at the jail he made arrangements for his girl friend to obtain his release on bail.

Prior to trial, appellant filed a "Notice of Insanity Defense," whereupon the trial court appointed Dr. Ronald Hull and Dr. Dwight William Schuster to examine appellant and report on his mental condition. Dr. Schuster reported that appellant "does have a personality disorder best classified as a sociopathic type and manifested by poor impulse control and substance abuse." He further testified that appellant did have sufficient capacity to comprehend his charges and to assist his attorney.

Dr. Hull testified that his findings "indicate a sociopathic personality structure

with an associated severe substance abuse problem." When Dr. Schuster was questioned by appellant's counsel concerning the possibility of appellant's intoxication and how he would classify drug and alcohol addiction, he testified that it was classified as mental illness. In answer to the same question, Dr. Hull testified that he did not believe that alcohol or drug addiction was a mental disease.

Appellant requested funds to hire an expert to aid him in his potential defense of being too intoxicated at the time he entered the house to form the intent to commit burglary. However, after a hearing, the trial court denied the request.

■ Appellant claims the trial court erred when it refused to grant his motion requesting funds to hire an expert to aid in his defense of intoxication. The appointment of experts to aid in the defense in a criminal charge is within the sound discretion of the trial court. Its determination will not be overturned absent a showing of abuse of discretion. *Graham v. State* (1982), Ind., 441 N.E.2d 1348.

■ Although it is the duty of the trial court to afford an accused due process of law, it is within his discretion to determine if the request would be needless, wasteful, or extravagant. *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811. The evidence before the trial judge, upon which he made his decision, was: that the four police officers involved in appellant's arrest did not believe he was intoxicated at the time, that appellant and his confederate forced their way into the house, that appellant went to an upstairs room where he removed jewelry from a drawer and piled it on a table next to a window through which he exited the house, that he was able to run across a porch roof and jump to the alley below, and that upon arrival at the police station he was able to contact his girl friend to arrange bail.

Under the circumstances, it was highly improbable that it could be demonstrated that he was so intoxicated he was unable to form the intent necessary to commit the crime. In addition, appellant had at his disposal the examinations made by both doctors appointed by the court pursuant to his plea of insanity. These doctors were in fact interrogated by appellant's counsel concerning intoxication. We cannot say the trial court erred in refusing appellant's request for an expert witness to aid in his defense of intoxication.

■ Appellant claims there is insufficient evidence to support his conviction for burglary. He maintains there is no evidence that he intended to commit a felony when he entered the house. However, as above pointed out, he had removed jewelry from a drawer in the bedroom and had placed it on a table next to the window through which he exited the home. This was sufficient evidence from which the jury could determine that he in fact entered the home with the intent to commit theft. *Vacendak v. State* (1982), Ind., 431 N.E.2d 100; *Coates v. State* (1985), Ind.App., 487 N.E.2d 167.

■ The jury was also justified in considering appellant's attempted flight from the scene of the crime as circumstantial evidence of his conscious guilt. *Jones v. State* (1985), Ind., 485 N.E.2d 627; *Richardson v. State* (1985), Ind., 481 N.E.2d 1310. There is sufficient evidence in this record to support the jury's verdict of guilty of burglary.

■ Appellant claims there is insufficient evidence to support the finding that he was an habitual offender. Appellant concedes that the State did introduce evidence of two prior felony convictions under the name of Richard Jones and that they introduced a separate arrest record which admittedly contained appellant's fingerprints. However, appellant claims the State did not connect the arrest report with the felony convictions; thus he was not properly identified as being the same Richard Jones appearing on the conviction report.

The arrest report from which the fingerprint comparison was made shows the

name Richard Earl Jones with cause number CR83–189E which compares identically with State's Exhibit No. 6 which was the charging affidavit in one of the two prior felonies. Appellant's identity as to the second established prior conviction was shown by his thumb print on Exhibit No. 11 which bore the same cause number as State's Exhibits Nos. 8 and 9. None of these exhibits was objected to nor are they questioned in appellant's brief. There is ample evidence therefore in this record to establish the two prior convictions used to establish appellant's status as an habitual offender.

Appellant contends the trial court erred in its admonishment to the jury to disregard defense counsel's statement during his argument when he stated in part that the jury needed to understand that if appellant was found to be an habitual offender he would receive an enhanced sentence. In the habitual offender phase of a trial, the jury is not concerned with the penalties involved. *Griffin v. State* (1981), 275 Ind. 107, 415 N.E.2d 60. The jury's sole duty was to determine whether or not appellant was an habitual offender. It is entirely up to the court to set the appropriate penalties. The court therefore properly admonished the jury to disregard defense counsel's statement concerning the enhancement of penalties by reason of the status of habitual offender.

The trial court is affirmed.

SHEPARD, C.J., concurs in result without separate opinion.

DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., dissents without separate opinion.