Excell L. GRAHAM, Appellant,

v.

STATE of Indiana, Appellee.

No. 34S00–8705–CR–519.

Supreme Court of Indiana.

March 28, 1989.

Merrill W. Otterman, Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in the conviction of appellant of Rape, a Class B felony, for which he received a sentence of twenty (20) years, and Confinement, a Class D felony, for which he received a sentence of two (2) years, the sentences to be served concurrently.

The facts are: On February 16, 1985, the victim, D.T., Ellen Bailey, and Lauren Donovan picked up appellant to direct them to a party. Later, D.T. agreed to take appellant home. She stated she entered the house because appellant had agreed to reimburse her for gasoline. Once inside the house, appellant locked the door, yanked her into another room, pushed her onto a couch, and started removing her clothing. She testified that she struggled but that appellant struck her several times, and she quit struggling because she was afraid he would kill her.

Between the hours of 1:15 a.m. and 5:05 a.m., appellant repeatedly raped D.T. The victim also testified that appellant performed oral sex upon her during this period. However, the jury found appellant not guilty of that charge. The victim escaped from appellant when her friends came looking for her at 5:05 in the morning. The victim went to the emergency room at the Howard Community Hospital where tests were performed to determine the presence of sperm and the chemical makeup of body fluids taken from the victim.

Timothy Hagmaier testified that he was a medical technologist and that he performed various tests which showed the presence of the male enzyme produced by the prostate gland. James Romack testified that he was employed as a forensic serologist for the Indiana State Police, and his examinations indicated that the victim was a secretor and the appellant was a non-secretor. The blood type of a secretor is indicated in body fluids whereas it is not so indicated in a non-secretor. He testified that the fluids taken from the victim's body were consistent with what one would find in eighty percent of the population.

Appellant testified that the victim had been to his house several times where they would drink together. He also testified that on the night in question the victim had been drinking and using marijuana. He testified that he also had been drinking heavily, and when they arrived home after the party, he immediately laid down on the couch and was knocked out and did not arouse until the victim's friends called for her at 5:05 in the morning. He further testified that he did not engage in any necking with the victim nor did he have any sexual relations with her. The victim conceded that she had been drinking that night, and she had used marijuana.

Appellant claims the trial court erred in refusing to furnish him with funds to employ expert witnesses to conduct independent laboratory tests on body fluids taken from the victim.

The appointment of experts for indigent defendants is within the sound discretion of the trial court. Its determination will not be overturned absent a showing of abuse of discretion. *Graham v. State* (1982), Ind., 441 N.E.2d 1348. Although it is essential that an accused be afforded due process of law, the trial court must determine when monies are to be expended on behalf of an indigent defendant and must be assured that such expenses will not be needless, wasteful, or extravagant. *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811.

In the case at bar, although the experts testified that the victim had sperm in her vagina, the testimony was far from conclusive that the sperm was produced by appellant. In fact, the expert testimony was that eighty percent of the population could have produced the combination of chemicals found in the body fluids taken from the victim. Under these circumstances, we cannot say that the trial court erred in refusing to expend public funds to employ additional experts to testify concerning the body fluids.

Appellant raises the additional question that because he was found not guilty of criminal deviate conduct, the jury must have disbelieved the victim, and therefore, it is reasonable to believe that his conviction was based upon the testimony of the expert. We cannot agree with appellant on this issue. Without the testimony of the victim, there is little in the State's evidence to connect appellant with the alleged crimes. The fact that the jury chose to believe the victim on the one hand but on the other hand to find appellant not guilty of deviate conduct is a matter solely within the discretion of the jury, which discretion will not be second-guessed by this Court. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.