Carl B. RELIFORD, Appellant,

v.

STATE of Indiana, Appellee.

No. 681S155.

Supreme Court of Indiana.

June 23, 1982.

Dennis R. Majewski, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with Robbery While Armed. He was found guilty by a jury and was sentenced to twelve (12) years imprisonment.

Appellant claims the trial court erred in sentencing him to a twelve (12) year term of imprisonment for the instant crime, contending there is an insufficient showing in the record to support a finding of aggravating circumstances to justify enhancing his sentence by two (2) years.

The criteria for enhancing felony sentences are found in I.C. 35–50–1A–7(c) and (d) [Burns 1979 Repl.]. In pronouncing sentence the trial judge indicated he was enhancing the sentence by two (2) years because of the seriousness of the crime as found in the statute under paragraph (4). The judge also made a further statement allowed under paragraph (d) of the statute, stating that two (2) years were added to the sentence for aggravating circumstances in that appellant had put a number of persons in fear of their lives. We hold the trial court made a clear statement as to his reasons for enhancing the sentence under the statute.

We also hold the sentence was not manifestly unreasonable and decline to order a reduction of the sentence, which we might do under the Indiana Rules for Appellate Review of Sentences. We have held where several persons in charge of institutional property are put in fear and robbed of that property, only one robbery has been committed. *Allen v. State,* (1981) Ind., 428 N.E.2d 1237; *Williams v. State,* (1979) Ind., 395 N.E.2d 239. However, we believe the fact a number of people were put in fear during the robbery of the institution is a fact that can make the crime a serious one and can be found to be an aggravating circumstance.

■ Appellant contends there was no evidence of aggravating circumstances adduced at the sentencing hearing that would support the trial court's finding of such circumstances. Appellant ignores the fact the trial judge heard all the evidence at trial. He may base his finding of aggravating circumstances on that evidence. *Harris v. State,* (1980) Ind., 396 N.E.2d 674. The trial court did not err in enhancing appellant's sentence by two (2) years.

Appellant claims the trial court erred in overruling his objection to a statement made by the prosecutor in closing argument. Appellant contends the statement was an impermissible comment on his exercise of the Fifth Amendment privilege not to testify in his own behalf.

During his closing argument appellant claimed the State did not call certain witnesses because they would not identify appellant as the perpetrator of the crime. The prosecutor answered this statement in his closing argument by stating:

"Well, if we wanted—if we had to call everyone who knew anything about any minor detail in this case or any other case, we would be here forever. So, both sides can control the case and both sides have subpoena powers and both sides have all the statements and both sides have everything. Everything. We were not trying to hide anything from you; we gave to the Defendant's counsel everything in the case and he has subpoena powers—"

At this point appellant interposed his objection as follows:

"I'm going to object to that, Judge; that's not the law. The Defendant doesn't have to prove a darn thing. That's a mis-statement of the law and I want the Jury admonished that—that the correct statement of the law is the Defendant doesn't have to call a single witness and for the prosecutor to stand there and tell this jury that I have the ability or power to put people on the stand, he's intimating that I did not. And I think that that is an improper statement of the law and I think that remark should be stricken from the record and the jury admonished."

The trial court refused to order the remark stricken and refused to admonish the jury.

■ Appellant's argument must fail for several reasons. First, the objection at trial does not correspond to his objection stated here on appeal. Thus, they must be deemed waived. *Phelan v. State,* (1980) Ind., 406 N.E.2d 237; *Proctor v. State,* (1979) Ind., 397 N.E.2d 980; *Minton v. State,* (1978) 269 Ind. 39, 378 N.E.2d 639. Further, we see nothing in the statement made by the pros-

ecutor that could be considered a comment on appellant's failure to take the witness stand.

 Although appellant addresses no argument to the prosecutor's inference that appellant should call witnesses, thus waiving the question, we nevertheless see no merit to such a position. The trial judge instructed the jury that the defendant was not required to present any evidence whatsoever and was not required to prove or disprove his innocence. Although the statement of the prosecuting attorney was not evidence in the case, we hold it nevertheless could be cured by a proper instruction in the same manner as the erroneous admission of evidence may be cured. *See, Brown v. State,* (1981) Ind., 417 N.E.2d 333; *Randolph v. State,* (1978) 269 Ind. 31, 378 N.E.2d 828.

We see no error in the overruling of appellant's objection to the remarks of the prosecutor on either the grounds asserted at trial or on appeal.

The trial court is in all things affirmed.

All Justices concur.