Michael L. CLARK, Appellant,

v.

STATE of Indiana, Appellee.

No. 784S274.

Supreme Court of Indiana.

Oct. 21, 1986.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery While Armed with a Deadly Weapon, a Class B felony. The jury found appellant to be an habitual offender. The court sentenced appellant to fifty (50) years based upon the habitual offender finding.

The facts are: On November 26, 1982, Janet Morningstar was working as a clerk in the Nickles Bakery Thrift Store in Elkhart, Indiana. At approximately 5:00 p.m., appellant entered the store and stood by the counter. After a few minutes, appellant requested an entry form for the Christmas promotional contest. As Morningstar was assisting appellant in spelling the name "Nickles," appellant pulled out a long black pistol and demanded that Morningstar open the cash drawer. Appellant removed $120 and ran from the building.

The following day Officer James Chomer of the Elkhart City Police Department received an anonymous telephone call. The caller indicated that appellant may have committed the robbery at the Nickles Bakery Thrift Store and that he was presently residing with his cousin, Gary Branch, in Elkhart, Indiana. Officer Chomer contacted the Kosciusko County Sheriff's Department to confirm several outstanding arrest warrants issued for appellant. Based upon this information and the fact that appellant matched the physical description of the suspect, officers proceeded to Branch's residence and arrested appellant.

The officers then procured a search warrant based upon illegal drugs observed in plain sight at Branch's apartment. While executing the warrant, Officer Roberts discovered appellant's BB pistol in one of the closets.

Appellant argues the evidence serving to identify him as the perpetrator of the robbery is wholly insufficient to support the verdict. In resolving this question, we do not weigh the evidence nor judge the credibility of witnesses. *Wright v. State* (1985), Ind., 474 N.E.2d 89; *Gary v. State* (1984), Ind., 471 N.E.2d 695.

The evidence most favorable to the State reveals that an array of six photographs was displayed to Morningstar. She positively identified appellant as the individual who robbed the Nickles Bakery Thrift Store. At trial, Morningstar identified appellant's BB pistol as the same weapon used in the robbery. In addition, Gladys Sailor, a handwriting expert, testified that from a comparison of appellant's writing exemplars and the entry form from Nickles Bakery, it was her opinion they were written by the same hand. We conclude that the evidence of identity was clearly sufficient.

Appellant also argues there was no evidence to show the robbery involved the use of a deadly weapon.

A deadly weapon is defined in Ind.Code § 35-41-1-8 as: "(1) a loaded or unloaded firearm; or (2) a weapon, device, taser or electronic stun weapon, equipment, chemical substance, or other material that in the manner it is used, or could ordinarily be used, or is intended to be used, is readily capable of causing serious bodily injury." Where different conclusions can be reached as to whether a weapon is "deadly," it is a question of fact for the jury to determine from a description of the weapon, the manner of its use and the circumstances of the case. *Glover v. State* (1982), Ind., 441 N.E.2d 1360; *Williams v. State* (1983), Ind.App., 451 N.E.2d 687. We conclude that the evidence was clearly sufficient for the jury to determine appellant was armed with a deadly weapon.

Appellant contends the trial court erred by not giving the jury his Tendered Instruction No. 4. Appellant's instruction directed the jury to consider eyewitness identification testimony with caution and also set forth numerous factors that a jury should take into account in weighing such testimony.

■ The instruction of the jury is largely within the discretion of the trial court and will be reviewed only for abuse of discretion. *Buttram v. State* (1978), 269 Ind. 598, 382 N.E.2d 166. The trial court is not bound to give an instruction when the subject matter is adequately covered by another instruction given by the court. *Wallace v. State* (1985), Ind., 474 N.E.2d 1006; *Gillie v. State* (1984), Ind., 465 N.E.2d 1380.

■ Appellant argues the giving of such a cautionary instruction is required "where identification is a key issue." *United States v. Hodges* (7th Cir.1975), 515 F.2d 650, 653; *See also, United States v. Telfaire* (D.C.Cir.1972), 469 F.2d 552. We have declined to adopt such a rule. *Alexander v. State* (1983), Ind., 449 N.E.2d 1068. Appellant's Tendered Instruction No. 4 was rejected by the trial court in favor of a more general instruction upon the credibility of witnesses. The jury was properly instructed upon the subject of the credibility of witnesses, the burden of proof, and the proper manner of weighing eyewitness testimony. *Brown v. State* (1984), Ind., 468 N.E.2d 841. It was not error to refuse appellant's special instruction.

Appellant next contends the trial court abused its discretion by refusing to grant a pretrial lineup.

■ No authority exists in Indiana for the granting of a pretrial lineup upon a defendant's request. *Glover, supra; Kusley v. State* (1982), Ind., 432 N.E.2d 1337. Discovery in criminal cases is largely a matter within the sound discretion of the trial court and absent a showing of clear error and resulting prejudice to defendant its ruling will not be overturned on appeal. *Wagner v. State* (1985), 275 Ind. 434, 474 N.E.2d 476. *Williams v. State* (1981), Ind., 417 N.E.2d 328.

■ Appellant argues that another man, held on an unrelated charge, also resembled the description of the perpetrator. Nevertheless, Morningstar had ample opportunity to observe the perpetrator and her description closely resembled appellant. Morningstar positively identified appellant as the perpetrator from a photographic array and at trial. There has been no showing that the failure to require a lineup prejudiced appellant. There is no error on this issue.

Appellant next contends the trial court erred by not suppressing the evidence of the BB pistol seized by the police pursuant to a search warrant. The search warrant in this case authorized seizure of illegal drugs which the officers observed in Gary Branch's apartment during appellant's arrest. The BB pistol was not mentioned in the warrant. The BB pistol was discovered in a closet among appellant's other possessions. The State argues that appellant's motion to suppress was properly denied because the warrant was valid and the search did not exceed the boundaries contemplated by the warrant.

■ A warrant may not issue unless an affidavit is submitted to a judge or magistrate which particularly describes the place to be searched and the items to seized. U.S. Const. amend. IV; Ind. Const. art. 1, § 11. *See also* Ind.Code § 35-33-5-3. This requirement restricts the scope of the search by authorizing seizure of only those items specifically described in the warrant. *Hewell v. State* (1984), Ind.App., 471 N.E.2d 1235; *Layman v. State* (1980), Ind.App., 407 N.E.2d 259.

■ The plain view doctrine established in *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, is an exception to the warrant requirement. Police officers may seize items without a search warrant if the following three requirements are satisfied. First, the police officer must lawfully be in a place or position where he can view the property seized. Second, the item must be discovered inadvertently during the course of a valid search. Third, it must be immediately apparent to the officer upon discovery that the item is evidence of a crime or contraband.

The first requirement is satisfied because the police officers entered Branch's apartment pursuant to a valid search warrant. The requirement that the items be discovered inadvertently means the police may not know in advance that certain property exists in the area to be searched. *Texas v. Brown* (1983), 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502. The police had probable cause to obtain a search warrant for illegal drugs they observed in plain sight when appellant was arrested. They did not have sufficient knowledge with respect to the presence of the pistol to procure a search warrant. The police had no reason to anticipate that the weapon used in the robbery would be concealed within Branch's apartment. We find that the second requirement is satisfied. Upon discovery of the BB pistol, it became apparent to the officers that this pistol matched the description of the weapon used in the robbery. Therefore, the third requirement is satisfied.

We find that the seizure of the BB pistol was proper under the plain view doctrine. The trial court did not err by refusing to suppress this evidence.

Appellant's argument must fail for another reason. When the State offered the BB pistol into evidence, appellant objected on the basis that the warrant specifically limited the scope of the search to illegal drugs. In his brief on appeal, appellant argues the State failed to produce the warrant, the affidavit in support of the warrant and testimony in support of the warrant.

Appellant's objection at trial does not correspond to his objection stated here on appeal. *Reliford v. State* (1982), Ind., 436 N.E.2d 313; *Phelan v. State* (1980), 273 Ind. 542, 406 N.E.2d 237. Therefore, any alleged error is deemed waived.

Appellant contends the trial court erred by refusing to grant his *pro se* motion for release on his own recognizance. Appellant claims his counsel did not work vigorously on his behalf to locate a suspect similar in appearance to appellant. He also claims his incarceration prevented him from conducting an investigation on his own.

The State has the right to incarcerate a person prior to trial to ensure his presence at the trial. There were several outstanding arrest warrants issued for appellant when he was charged with committing armed robbery and with being an habitual offender. Under these circumstances, the denial of appellant's motion for release on his own recognizance was not an abuse of the trial court's discretion.

Appellant next claims the trial court erred by not granting his *pro se* motion to dismiss counsel. Appellant argues he was faced with the choice of proceeding *pro se* without adequate preparation or proceeding with unprepared counsel in whom he lacked confidence. Appellant's argument is without merit. Appellant voluntarily withdrew his motion to dismiss counsel during the hearing conducted on September 22, 1986. There is no error.

Appellant also asserts the trial court erred by not granting his *pro se* motion for continuance. This argument is also without merit. No *pro se* motion for continuance appears in the record. A hearing was conducted on appellant's motion for continuance on June 16, 1983. Appellant was represented by his attorney. The trial court granted the motion for continuance and rescheduled the jury trial for October 24, 1983. There is no error.

Appellant contends the trial court erred by denying his motions for appointment of a private investigator and an expert witness. Appellant claims a private investigator was needed to locate a suspect similar in appearance to appellant. An expert witness was also desired to testify regarding the inherent inaccuracies involved with eyewitness testimony.

There is no constitutional mandate under the due process clause that one accused of a crime is entitled at public expense to any type of expert whose help in a particular case may be relevant. *Engle v. State* (1984), Ind., 467 N.E.2d 712;

*Roberts v. State* (1978), 268 Ind. 127, 373 N.E.2d 1103. The appointment of an investigator or expert at State expense is a matter within the discretion of the trial court. A denial of a request for such an expert or investigator will be reversed only for abuse of that discretion. *Graham v. State* (1982), Ind., 441 N.E.2d 1348; *Yager v. State* (1982), Ind., 437 N.E.2d 454.

■ The only authority cited by appellant for this claimed right is a reference to cases dealing with the right of indigent defendants to a public defender. Moreover, the presentation of expert testimony regarding the inaccuracies of eyewitness testimony was not necessary under the circumstances of this case to ensure that appellant was provided with an adequate defense and a fair trial. We find no abuse of discretion. The trial court did not err.

Appellant next contends the trial court erred by admitting into evidence State's Exhibits Nos. 13 and 14 during the habitual offender phase of the trial. These exhibits were certified copies of docket sheets.

■ There was no error in the admission of these exhibits. The exhibits were offered during the examination of Ernest J. Dalton, Grant County Probation Officer. He testified that he had been in court on two separate occasions when appellant was sentenced on two unrelated burglary and robbery guilty pleas. He identified appellant as the individual sentenced. Dalton also identified Exhibits Nos. 13 and 14 as the certified docket sheets for each of these offenses.

■ This court has held that in order to establish the status of habitual offender, the State must prove that appellant has been twice previously sentenced for felonies. *Craig v. State* (1985), Ind., 484 N.E.2d 566; *Clark v. State* (1985), Ind., 480 N.E.2d 555. Copies of court docket sheets, properly certified, are admissible in an habitual offender proceeding as proof of prior convictions. *Connell v. State* (1984), Ind., 470 N.E.2d 701; *Griffin v. State* (1981), 275 Ind. 107, 415 N.E.2d 60. When properly certified as true and complete by the clerk of the court, they are self-authenticating and admissible without live testimonial sponsorship. *Connell, supra; Anderson v. State* (1981), Ind., 426 N.E.2d 674.

The challenged exhibits in this case were properly certified, and were also connected to appellant by means of the testimony of Ernest J. Dalton. There was no error in the admission of the exhibits. *Connell, supra; Graham v. State* (1982), Ind., 441 N.E.2d 1348.

Next appellant contends the trial court erred by permitting Exhibits Nos. 13 and 14 to be taken into the jury room during deliberations. Appellant objected to the admission of the exhibits into evidence, but failed to object to the exhibits being sent to the jury room.

■ Permitting exhibits pertaining to a defendant's prior felony convictions to be taken into the jury room during deliberation in the habitual offender stage is within the sound discretion of the trial court. *Choate v. State* (1984), Ind., 462 N.E.2d 1037; *Garland v. State* (1983), Ind., 444 N.E.2d 1180.

We find the trial court did not abuse its discretion.

Moreover, appellant's objection at trial does not correspond to his objection stated here on appeal. *Reliford, supra.* Therefore, the issue must be deemed waived.

The trial court is in all things affirmed.

All Justices concur.