Anita J. WOODS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9110–CR–00450.

Court of Appeals of Indiana,
Second District.

July 21, 1992.

John R. Walsh, II, Anderson, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Anita J. Woods appeals her conviction for attempted voluntary manslaughter, a class B felony.[1]

We reverse.

### ISSUES

Woods raises two issues on appeal. Because it is dispositive, we address only the issue whether the trial court erred in failing to discharge Woods pursuant to Ind. Crim.Rule 4(C).

### FACTS

On August 21, 1986, the State, by information, charged Anita J. Woods with attempted murder. On July 1, 1987, the court set a trial date of November 19, 1987; Woods never objected. There is no court docket entry, made on or before November 19, 1987, explaining why Woods was not tried on that date.

On January 6, 1988, the trial court made a docket entry in which it stated the scheduled November 19, 1987, trial did not occur due to court congestion and in which it reset the case for trial on March 21, 1988. On January 11, 1988, Woods filed a motion for discharge pursuant to Crim.R. 4(C), which specifies that a defendant must be brought to trial within one year from the

---

1. *See* IC 35–41–5–1 (1988) (attempt); IC 35–42– 1–3 (1988) (voluntary manslaughter).

date of arrest or the date of the charge, whichever is later. The trial court denied Woods's motion..

After a series of continuances and delays, Woods was eventually brought to trial on May 17, 1990, and convicted of attempted voluntary manslaughter.

## DISCUSSION

Crim.R. 4(C) provides:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; *except where a continuance was had on his motion, or the delay caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar;* provided, however, in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance.... Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

(emphasis added).

■ Barring a delay occasioned by Woods, a congested court calendar, or an emergency, the State had until August 21, 1987, to bring Woods to trial without violating Crim.R. 4(C). A delay occasioned by a congested court calendar must be evidenced by a contemporaneously entered order that sets forth the determination of congestion prior to the expiration of the Crim.R. 4(C) period. *See Huffman v. State* (1987), Ind., 502 N.E.2d 906, 907–8 (defendant ordered discharged where court failed to make a determination of court conges-

tion prior to the expiration of the time period the State had to bring defendant to trial); *Staples v. State* (1990), Ind.App., 553 N.E.2d 141, 143–44 (trial court has duty to make docket entry explaining why defendant was not tried on date scheduled and any delay occasioned by trial court not making entry cannot be charged to defendant because defendant has no duty to remind the trial court of duty to make entry.).

■ The trial court first set Woods's trial for November 19, 1987, a date outside the Crim.R. 4(C) period, Woods did not object and, consequently, is deemed to have acquiesced in that trial date. *See State ex rel. Henson v. Washington Circuit Court* (1987), Ind., 514 N.E.2d 838, 839–40. However, by acquiescing in the November 1987, trial date, Woods did not waive her right to have her trial begin on that date, in the absence of court congestion or an emergency, evidenced by a contemporaneously entered order. *See Id.*

The State argues that Anita's acquiescence in the November 19, 1987, trial date, in addition to validating that trial date, extended the time in which she could be tried, should it be necessary, by 141 days, the number of days between July 1, 1987, the day her trial date was set, and November 19, 1987, the scheduled trial date. In other words, the State would charge the entire period between the setting of the first trial date and the day the trial was to have commenced to Woods as delay caused by her act merely because she did not object to the trial date.[2]

The issue whether a defendant's acquiescence in a trial date outside the Crim.R. 4(C) time period constitutes a delay caused by the defendant's act has been answered by our supreme court in *Morrison v. State* (1990), Ind., 555 N.E.2d 458, 461:

Furthermore, even where there is a failure to act which amounts to a waiver [e.g., failing to object to the November 1987 trial date], such event cannot be characterized as a delay. If within the

**2.** In support of its argument the State relies upon *dicta* in *Decker v. State* (1988), Ind., 528

N.E.2d 1119, 1123 and *Butts v. State* (1989), Ind.App., 545 N.E.2d 1120, 1123.

allotted time a trial court acts to schedule a trial beyond the deadline then existing such that the defendant's failure to object would amount to a waiver of his claim that such trial dates were beyond the time limit, *State ex rel. Henson [v. Washington Circuit Court* (1987), Ind.,] 514 N.E.2d 838, the period embraced by these dates is not properly considered to be an inclusive time period chargeable to the defendant as delay. [The delay] ... is not attributable to the defendant, although as discussed below, his failure to object to the setting of the ... trial date waives any objection that such date is beyond the time allowed.

Judgment reversed and remanded with instructions to grant defendant's motion for discharge.

GARRARD, J., concurs.

BUCHANAN, J., concurs in result.