**Broderick WILSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9205–CR–210.**

Court of Appeals of Indiana, Second District.

Feb. 2, 1993.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana and Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Broderick Keith Wilson appeals his conviction for dealing in cocaine,[1] a class A felony.

We affirm.

### ISSUES

1. Did the trial court err in denying Wilson's motions for discharge under Ind. Crim.Rule 4(C)?

2. Did the trial court err by admitting utility bills discovered during the execution of a search warrant which permitted the search of a residence for cocaine?

3. Is the evidence sufficient to sustain Wilson's conviction?

### FACTS

On February 28, 1989, Indianapolis Police Officer Steven Swarm obtained a warrant to search the residence of 2341 N. Sheridan Avenue, Indianapolis, and the persons of "Keith" and "Randy" for cocaine. The warrant was based on the assertions of a confidential informant who had purchased six grams of cocaine at the Sheridan Avenue residence.

Late that evening, the search warrant was served and Officer Swarm found Wilson, Randy Cheshier, and another man in the living room of the residence. In front of Wilson was a box containing a test tube

of cocaine, along with other paraphernalia used in smoking and cutting cocaine. Under a dog bed mattress, police discovered five clear plastic baggies containing approximately fifteen grams of cocaine, packaged in two-to-three gram packets. Twelve hundred dollars in cash was also found in the dog bed, and, of this amount, $450 were the marked bills given to the informant earlier in the day.

In another part of the house, police found 4.5 grams of cocaine, along with a triple beam scale and inositol powder, a common cutting agent. During the search for cocaine, police discovered utility bills bearing Wilson's name and listing his address as that of the residence searched.

On December 4, 1991, following a bench trial, Wilson was found guilty of dealing cocaine and possessing cocaine. The trial court properly entered judgment of conviction on only the dealing cocaine count. Wilson appeals. Additional facts relating to Wilson's motions for discharge will be included, as needed, in section I below.

### DISCUSSION

#### I.

Wilson argues the trial court erred in denying his motions for discharge under Crim.R. 4(C) because he was not brought to trial within the one year limitation of that rule. We do not agree.

Under Crim.R. 4(C), the State has an affirmative duty to bring a criminal defendant to trial within one year, and that one-year limit commences to run on the latter of either the filing of charges against the defendant or his arrest. *See Burdine v. State* (1987), Ind., 515 N.E.2d 1085, 1090. The one-year period is extended by any delay caused by a continuance had on the defendant's motion, or any delay caused by the defendant's act, or by congestion of the court calendar. *Bates v. State* (1988), Ind. App., 520 N.E.2d 129, 131, *trans. denied.* If a defendant accepts a plea agreement, any delay resulting from the State's preparation of the agreement and the defen-

1. *See* IC 35–48–4–6 (1988).

dant's subsequent withdrawal from that agreement is attributable to the defendant. *Vaughn v. State* (1984), Ind., 470 N.E.2d 374, 377, *trans. denied.*

In this case, the one-year limitation period began to run on March 2, 1989, when charges against Wilson first were filed. On May 2, 1989, the trial court set a July 17, 1989, trial date. On July 11, the State filed a Motion for Continuance because a key witness, Police Officer Steven Swarm, was out of state and not available to testify until August 2, 1989. Wilson did not object. The court granted the motion and, on August 25, 1989, set a new trial date of October 23, 1989, well within the one-year limitation period.

■ On October 18, 1989, Wilson filed a motion to continue the October 23, 1989 trial date. The court granted the continuance on October 23, 1989, and set a pre-trial conference for November 14, 1989. Thus, up until the October 23 trial date, all the elapsed time was chargeable to the State because neither Wilson nor a congested calendar had caused any delay. *Bates,* 520 N.E.2d at 131.[2]

■ The next entry following the entry setting the pre-trial conference for November 14, 1989, is Wilson's motion to continue a guilty plea hearing which he alleges was set for February 16, 1990. Hence, the record is silent as to what happened to or at the November 14 pre-trial conference, and delay that is not accompanied by a record which charges it to the defendant does not toll the running of the one-year time limitation. *See Morrison v. State* (1990), Ind., 555 N.E.2d 458, 461 (delay attributable to missed trial date cannot be charged to defendant where record devoid of any continuance by defendant or by the court); *Staples v. State* (1990), Ind.App., 553 N.E.2d 141, 143–44 (trial court has duty to make docket entry explaining why defendant was not tried on date scheduled and any delay occasioned by trial court not making entry cannot be charged to defendant because defendant has no duty to remind the trial court of duty to make entry). Therefore, the only time not chargeable to the State is the twenty-two days between October 23, 1989,[3] the date of the trial which Wilson continued, and November 14, 1989, when a pre-trial conference was set but apparently not held.

Wilson's motion to continue a February 16, 1990, guilty plea hearing was granted and the guilty plea hearing reset for March 20, 1990. The March 20, 1990, hearing resulted in the plea agreement being rejected. At that same hearing, the court set a trial date of April 18, 1990. The motion to continue, filed February 15, 1990, resulted in a sixty-one day delay which was caused by, and is attributable to, Wilson from February 16, 1990, the date of the continued guilty plea hearing, to April 18, 1990, when the record reflects that the trial court granted the State's motion to dismiss the cause. Thus, on April 18, 1990, 329 days of the 365 available days had elapsed.

■ The State refiled the charges against Wilson on April 19, 1990; however,

2. The State argues that it is not chargeable with the time between July 11, 1989, when it moved to continue the July 17, 1989, trial date due to the absence of a material witness, and the rescheduled trial date of October 12, 1989. Crim.R. 4(D) extends the time in which a defendant must be tried by an additional ninety days only if "when application is made for discharge ... the court is satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days." Crim.R. 4 has been construed

> as merely setting the outer limit for a timely application by the State for the extension. In this manner, any continuance sought by the State because of unavailable evidence that is

believed available within ninety days, *and which will result in a trial date beyond the time limitations of Crim.R. 4,* is timely if filed at any time up to and including the time of the defendant's motion for discharge.

*Wiseman v. State* (1992), Ind.App., 600 N.E.2d 1375, 1376–77 (emphasis added). Thus, Crim.R. 4 does not extend the time when the continuance occasioned by the absent witness does not result in a trial date that exceeds the time limitations of the rule.

3. In situations where a hearing or trial date is continued on a defendant's motion, we deem it appropriate to charge the defendant with delay commencing on the day following the continued date rather than on the day following the date the delay is sought or granted.

Wilson was not arrested on these charges until March 4, 1991. As of that time, the State had 36 days remaining, that is, until April 9, 1991, within which to commence Wilson's trial. *Young v. State* (1988), Ind., 521 N.E.2d 671, 673 (State is charged only with time when [defendant] was held "to answer a criminal charge" and not charged with period between dismissal and refiling of charges (quoting *Bentley v. State* (1984), Ind., 462 N.E.2d 58, 60)); *see also Gamblin v. State* (1991), Ind.App., 568 N.E.2d 1040, 1044.

On March 6, 1991, still within the Crim.R. 4(C) period, the trial court set the cause for trial on May 20, 1991. This trial date of May 20, 1991, was beyond the limitation period of Crim.R. 4(C). However, when the trial court set this trial date Wilson did not object and, consequently, is deemed to have acquiesced in that trial date. *Woods v. State* (1992), Ind.App., 596 N.E.2d 919, 920.

The May 20, 1991, trial date was later reset for May 8, 1991, pursuant to Wilson's motion for speedy trial. However, on April 29, 1991, Wilson filed a motion for continuance which the trial court granted; the trial was reset for July 10, 1991. On July 2, 1991, Wilson asked for a continuance of the July 10, 1991, trial date. The motion was granted and the trial reset for September 23, 1991. Thus, the May 8, 1991, trial date, as well as the subsequent trial settings of July 10, 1991, and September 23, 1991, were continued on Wilson's motions; he cannot take advantage of the delay occasioned by his acts.

The September 23 trial date was vacated by the trial court on September 17, 1991, for the reason that Wilson failed to appear at a pre-trial conference scheduled for that date because he was awaiting a ruling by the trial court on a motion for discharge he had filed on August 9, 1991.

Subsequently, the trial court properly denied Wilson's motion because Wilson had acquiesced in the then pending September 23, 1991, trial date. Therefore, Wilson's motion and his failure to appear were the cause of the delay of the September 23, 1991, trial date, and he cannot benefit from that delay. The trial court promptly reset a trial date of December 4, 1991, the date on which Wilson's trial commenced.

Because Wilson both acquiesced in trial dates beyond the one year limitation and occasioned the delay of trial dates in which he had acquiesced, the December 4, 1991, trial was within the limitation period set by Crim.R. 4(C), and the trial court did not err when it denied Wilson's Motion for Discharge pursuant to Crim.R. 4(C) on August 9, 1991, and October 23, 1991.

II.

The search warrant which authorized a search of Wilson's residence specified that the subject of the search was cocaine. During the search, in addition to the cocaine, the police found and seized utility bills bearing Wilson's name and the address of the searched residence. Wilson argues that the trial court erred in denying his motion to suppress this evidence and, over his objection,[4] admitting the utility bills into evidence.

At the suppression hearing, held during trial, Wilson asserted that the warrant was invalid because the State could not produce the informant upon whose statements the warrant was issued, and thus the defense could not examine the reliability and credibility of the informant. However, in his brief, Wilson argues that his motion to suppress should have been granted because the seizure of the utility bills is outside the scope of the "permissible limits of the search warrant." Appellant's Brief at 17. Appellant may not state

---

4. A defendant must object to the introduction of challenged evidence at trial and specify the grounds upon which the objection is premised. *Abner v. State* (1985), Ind., 479 N.E.2d 1254, 1259. Here, when the State moved to admit the utility bills, Wilson's attorney stated he had no objection, "[e]xcept for the standing objection we have with these entire (inaudible)." Record

at 293. Generally, that objection is insufficient to preserve error. *Abner,* 479 N.E.2d at 1259. However, the record indicates the trial court understood Wilson was objecting for reasons previously stated in his motion to suppress, and thus we choose to address Wilson's allegations of error. *See Serano v. State* (1990), Ind.App., 555 N.E.2d 487, 490–91, n. 5, *trans. denied.*

one ground for his position at trial and state another ground on appeal, *Jester v. State* (1990), Ind., 551 N.E.2d 840, 843; *Daniel v. State* (1988), Ind., 526 N.E.2d 1157, 1162; to do so constitutes a waiver of the issue. Wilson has thus waived this issue.

In any event, on its merits, this argument is unavailing. Items not described in a search warrant may be seized if the items are found and seized under the plain view doctrine or if the items could have been found and seized in a search incident to an arrest. W. Kerr, Indiana Practice, *Criminal Procedure Pretrial* § 2.4g (1991); *see Clark v. State* (1986), Ind., 498 N.E.2d 918, 921–22, *abrogated by Horton v. California* (1990), 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (plain view exception to warrant requirement); *Hopkins v. State* (1975), 163 Ind.App. 276, 280, 323 N.E.2d 232, 236 (search incident to an arrest exception to warrant requirement).

The plain view doctrine was established by *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, and modified by *Horton v. California* (1990), 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112, and requires that a police officer must lawfully be in a place where he or she can view the item seized, the item must in fact be in plain view at the time it is discovered, and it must be immediately apparent to the officer upon discovery that the item is evidence of a crime. *Clark*, 498 N.E.2d at 921; *Thurman v. State* (1992), Ind.App., 602 N.E.2d 548, 553.

The police entered Wilson's residence pursuant to a valid search warrant, thus satisfying the first requirement. The requirement that the item must in fact be in plain view at the time it is discovered cannot be determined conclusively in this case because the admission of the utilities bills was never challenged at trial as outside the scope of the search warrant. However, Police Officer Swarm stated during the trial:

> When you're searching for drugs and cocaine—in this case in particular—but in any case of cocaine, the drugs could be found pretty well anywhere in a residence from an envelope to a dresser drawer to anything. So as you're searching a residence—as you're opening a drawer you'll find a phone bill; as you're opening a closet you'll find a revolver.

Record at 312. Because cocaine can be found anywhere within a residence, it is reasonable to infer that the police found the utility bills during their search for cocaine, and that the bills were in plain view when they were found. Finally, because the police discovered cocaine during the search, the utility bills were evidence of Wilson's proprietary right in the residence and thus evidence of possession of or dealing in cocaine, satisfying the third requirement.

The seizure of Wilson's utility bills was proper under the plain view doctrine. The trial court did not err by refusing to suppress this evidence.

### III.

Assuming the trial court erroneously failed to exclude the utility bill evidence, Wilson argues the evidence is insufficient to sustain his conviction because "[t]he proof presented is void to show that any of the items seized had any connection to [Wilson]." Appellant's Brief at 20. However, the utility bill evidence was properly admitted and based upon this evidence alone, a reasonable fact finder could determine that Wilson, identified as Keith and Broderick, had a possessory interest in the premises. This possessory interest, coupled with the evidence that the fifteen grams of cocaine, packaged in two-to-three gram packets, the paraphernalia, including a triple beam scale and a cutting agent, and $1200 in cash, $450 of which was marked, were seized in common areas of the residence, is sufficient to sustain Wilson's conviction of dealing in cocaine, a class A felony.

Judgment affirmed.

BARTEAU and FRIEDLANDER, JJ., concur.